297 So.2d 912 (1974)
Julia MAY
v.
Charlotte MAY et al.
No. 47490.
Supreme Court of Mississippi.
July 22, 1974.
Laurel G. Weir, Philadelphia, for appellant.
No brief on behalf of appellees.
SUGG, Justice:
Julia May filed a petition for a writ of habeas corpus against Charlotte May and Charlie May, respondents for custody of her two children, Ricky May and Anya May. Dwight May, appellant's husband and father of the children, was permitted to intervene and all further proceedings were between appellant and her husband without answer or other pleading from the respondents named in the petition. The Chancery Judge of Attala County awarded "technical custody" to the father, but directed that he place the children in the physical custody of Billy T. Dees and wife, an uncle and aunt of the children. Appellant perfected an appeal but appellees did not file a brief.
In W.T. Raleigh & Co. v. Armstrong, 165 Miss. 380, 140 So. 527 (1932), we considered the problems arising when the appellee fails to file a brief and the alternative courses of action open to the Court in such circumstances:
There seems to be no uniform rule of procedure in the various appellate courts of the several states as to what shall be *913 done when the appellee makes no oral argument and files no brief. Some of them hold that such default on appellee's part will be taken as a confession of the errors assigned and of the statement of facts, and citations of law, in appellant's brief and argument, and the judgment will thereupon be reversed as a matter of course. Other courts have said that they will to an extent disregard the default of the appellee and will determine the case on the merits; but even those courts have generally said that they will not devote any extended or laborious efforts to search out from the record the facts or the theories upon which an affirmance may be based, and have called attention to the liability to error, and to the danger of bringing forward and in acting upon points or theories that were not presented or passed upon in the trial court. And sometimes the obvious point has been made that an appellee has no right to call upon the court to brief his case for him, for this would be to call upon the court to act first as attorneys for appellee, and, when the function has been performed, then as judges to decide the case.
We shall, in this court, at our discretion, on default of appellee, take one or the other of the following two courses: (1) When the record is complicated or of large volume, and the case has been thoroughly briefed by appellant with a clear statement of the facts, and with apt and applicable citation of authorities, so that the brief makes out an apparent case of error, we will not regard ourselves as obliged to look to the record or to search through it to find something by which to avoid the force of appellant's presentation, but will accept appellant's brief as confessed and will reverse. Or (2) when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice. (165 Miss. at 381, 382, 140 So. at 527, 528).
See also Transcontinental Pipe Line Corp. v. Rogers, 284 So.2d 304 (Miss. 1973) and cases cited therein.
We treat the failure of the appellees to file a brief as a confession of error; therefore, this case is reversed and custody of the children is awarded to appellant.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, INZER and WALKER, JJ., concur.