LEE, J.,
Dissenting:
¶ 21. The majority finds that the circuit court erred in affirming the denial of unemployment benefits to Calvin Armstrong. However, I find that the appeals referee, the board of review, and the circuit court properly found Armstrong’s actions to constitute misconduct, thus denying him unemployment benefits.
¶ 22. I must reiterate our well established standard of review in matters such as this. The findings of fact by the board of review is to be considered conclusive “if supported by evidence and in the absence of fraud.” Miss.Code Ann. § 71-5-531 (Rev.2000). Our review is limited to questions of law. Id. The Mississippi Supreme Court explained this standard in Allen v. Mississippi Employment Security Commission, 639 So.2d 904, 906 (Miss.1994):
An agency’s conclusions must remain undisturbed unless the agency’s- order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
¶ 23. The majority states that since the appellee failed to file a brief on this matter that Armstrong’s position will be received with more deference. I find that there are two options before us. The first is to take the appellee’s failure to file a brief as a confession of error, and reverse, which should be done when the record is complicated or of large volume and “the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error.” May v. May, 297 So.2d 912, 913 (Miss.1974). The second is to disregard the appellee’s error and affirm, which should be used when the record can be conveniently examined and such examination reveals a “sound and unmistakable basis or ground upon which the judgment may be safely affirmed.” Id. As the record in this case is brief and can be conveniently examined, I find that the circuit court- was correct in affirming the decisions of the appeals referee and the board of review.
¶24. Armstrong’s job responsibilities were to maintain and keep clean the softball fields, the recreational center, and the restrooms. The park director, Sandra Yeager, testified that she, as well as her administrative assistant, had received numerous complaints by citizens indicating that the softball fields and restroom facilities were not cleaned. The softball fields contained holes, the park was littered with trash, the toilets were dirty, and toilet *995 paper was all over the restrooms. Armstrong received instruction on how to clean the facilities and was told to clean the facilities immediately. As Yeager stated during the hearing, Armstrong failed to do so on more than one occasion. Yeager had been several times to talk with Armstrong about his work, but each time she made a follow-up visit the facilities were still dirty. The Friday that Armstrong was given his pre-termination notice, Yeager stated that he said he would clean the restrooms the following Monday. However, it was part of Armstrong’s job to clean the restrooms daily.
¶25. Armstrong’s actions, under the definition of misconduct established in Wheeler, clearly constituted “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982). The majority finds that Armstrong’s acts were mistakes or isolated instances of ordinary negligence. However, the record is clear that Armstrong was admonished on more than one occasion to perform his required job duties and failed to do so. I would affirm the circuit court’s ruling.