LEE, P.J., for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. In Pearl River County Justice Court, Earl Kennedy brought an action for damages against Sandra Taylor. From the sparse record before the Court, it is apparent that Kennedy loaned Taylor money, which she never repaid. At the hearing on May 20, 2004, the justice court judge entered a judgment for Kennedy in the amount of $2,500 plus $54 in fees. At some point, Taylor appealed this judgment to the Pearl River County Circuit Court. However, at the hearing on the matter on October 4, 2004, Taylor failed to appear and, after calling Taylor three times, the trial court dismissed the appeal with prejudice and reinstated the order of the justice court.
¶ 2. On October 29, 2004, Taylor filed a motion for a new trial or, in the alternative, for relief from the judgment. After reviewing Taylor’s motion, the trial court denied the motion finding that the court lost jurisdiction of the matter upon dismissal of Taylor’s appeal. Taylor now appeals to this Court; however, from her brief, it is unclear as to the exact nature of her legal argument on appeal.
DISCUSSION
¶ 3. We first note that Kennedy has failed to file a brief with this Court; therefore, we have two options before us. The first is to take Kennedy’s failure to file a brief as a confession of error and reverse, which should be done when the record is complicated or of large volume and “the case has been thoroughly briefed by [the] appellant with a clear statement of the facts, and with apt and applicable citation of authorities, so that the brief makes out an apparent case of error[.]” May v. May, 297 So.2d 912, 913 (Miss.1974). The second is to disregard Kennedy’s error *959 and affirm, which should be done when the record can be conveniently examined and such examination reveals a “sound and unmistakable basis or ground upon which the judgment may be safely affirmed[.]” Id. In this instance, we follow the latter course.
¶4. We also note that Taylor fails to cite any legal authority in her brief. It is well-settled that failure to provide authority is a procedural bar and places no obligation on this Court to consider the issue on appeal. Grey v. Grey, 638 So.2d 488, 491 (Miss.1994). Notwithstanding our procedural bar, Taylor’s brief is incoherent and fails to delineate any reversible error.
¶ 5. This Court recently addressed a similar situation concerning Kennedy and Taylor, wherein Taylor appealed the trial court’s ruling and filed a brief consistent with the one in the case sub judice. See Taylor v. Kennedy, 914 So.2d 1260 (Miss. Ct.App.2005). As in the prior case, we cannot discern her argument and, therefore, must affirm.
¶ 6. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.