938 So.2d 917 (2006)
Kimberly Rensink HEFFNER, Appellant
v.
Darin R. RENSINK, Appellee.
No. 2005-CA-01549-COA.
Court of Appeals of Mississippi.
October 3, 2006.
*918 Cheryl Ann Webster, Clarksdale, attorney for appellant.
Darin R. Rensink, Appellee, pro se.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶1. Kimberly Heffner and Darin Rensink were married in North Dakota on August 13, 1999, and divorced on February 28, 2002, in the Bolivar County Chancery Court. During the marriage Heffner and Rensink had one child, Nicole, who was twenty-two months at the time of the divorce. The chancellor awarded Heffner sole legal and physical custody of Nicole, subject to liberal visitation with Rensink. The chancellor ordered Rensink to pay $275 per month in child support in addition to $3,277.50 owed by Rensink for past due child support and medical expenses.
¶2. On July 18, 2003, Rensink filed for a modification of the parties' visitation, to which Heffner filed a counterclaim arguing that Rensink had unclean hands due to his failure to conform with the court's support order and order regarding past-due child support. After a hearing, the chancellor modified both visitation and custody, giving Rensink and Heffner joint legal custody. The chancellor ruled that Rensink was entitled to visitation "at any time, provided that the parties agree and that the visitation does not interfere with the child's schooling or extracurricular activities." The appropriate order regarding the modification was entered November 18, 2004.
¶3. On January 21, 2005, Heffner sought modification of the November modification, alleging that Nicole had been mistreated during a visit at Rensink's home in Iowa. Heffner also requested an increase in child support and requested that Rensink's visitation be limited to supervised visitation. Rensink filed a counterclaim for contempt, to which Heffner filed a counterclaim seeking to terminate Rensink's parental rights. The chancellor denied the motion for modification of child support but ordered that an adult female be present at all times during Rensink's visitation with Nicole. The chancellor further ordered that no adult male was to dress or bathe Nicole, whether she was in Rensink's or Heffner's custody. The chancellor also denied Rensink's counterclaim for contempt.
¶4. It is from this judgment that Heffner appeals, arguing the following assignments of error, which we quote verbatim:
I. IS IT REVERSIBLE ERROR FOR A CHANCELLOR TO IGNORE THE RIGHT OF THE CHILD TO HAVE HER PARENTAL RIGHTS TERMINATED, AFTER THE GROUNDS FOR TERMINATION OF PARENTAL RIGHTS HAVE VESTED BY VIRTUE OF SECTION 93-15-107 OF THE MISSISSIPPI CODE?
II. IS IT REVERSIBLE ERROR FOR THE CHANCELLOR TO FAIL *919 TO APPOINT A GUARDIAN AD LITEM TO REPRESENT THE CHILD'S INTEREST, ONCE GROUNDS TO TERMINATE PARENTAL RIGHTS HAVE VESTED AND THE ISSUE HAS BEEN RAISED IN A COURT OF LAW?
III. IS IT REVERSIBLE ERROR FOR THE MISSISSIPPI DHS CASE WORKER, MS. RODGERS, TO REFUSE TO TESTIFY IN A CHANCERY COURT PROCEEDING, REFUSE TO UNDERGO DIRECT AND CROSS EXAMINATION WITH REGARD TO DISCLOSURE OF VITAL DHS RECORDS AND INFORMATION WITHOUT PERMISSION BY A YOUTH COURT REFEREE, WHEN THE MOTHER, HEFFNER, A NATURAL PARENT HAS SUBPOENAED HER AS A WITNESS; AND FURTHER TO HAVE THE YOUTH COURT REFEREE LIMIT THE TESTIMONY TO [AN] IN CAMERA, UNRECORDED INTERVIEW BY THE COURT, DENYING THE MOTHER HER RIGHT TO MAKE A RECORD FOR THE HIGHER COURTS?
¶5. Finding the chancellor erred in regard to Issues II and III, we reverse and remand for proceedings consistent with this opinion.

STANDARD OF REVIEW
¶6. This Court will not disturb the findings of a chancellor unless we find an abuse of discretion, an erroneous application of law, or manifest error. Andrews v. Williams, 723 So.2d 1175, 1176(¶7) (Miss. Ct.App.1998). Thus, if we find substantial evidence in the record to support the chancellor's findings, we will not reverse. Wilbourne v. Wilbourne, 748 So.2d 184, 186(¶3) (Miss.Ct.App.1999). We review questions of law de novo. In re Custody of M.A.G., 859 So.2d 1001, 1003(¶4) (Miss. 2003).

DISCUSSION
¶7. As Rensink did not file a brief in this matter, we have two options before us. The first is to take Rensink's failure to file a brief as a confession of error and reverse, which should be done when the record is complicated or of large volume and "the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error." May v. May, 297 So.2d 912, 913 (Miss.1974). The second is to disregard Rensink's error and affirm, which should be used when the record can be conveniently examined and such examination reveals a "sound and unmistakable basis or ground upon which the judgment may be safely affirmed." Id. Because Heffner has made out an apparent case of error and the basis for the chancellor's decision is erroneous, we discuss the merits below.
¶8. We address Issue II and III first, as both require that we reverse and remand, declining to review the chancellor's findings of fact as contested in Issue I.

II. IS THE FAILURE TO APPOINT A GUARDIAN AD LITEM REVERSIBLE ERROR?
¶9. Under Mississippi law, a person may have his parental rights terminated by deserting the child; having no contact for six months with a child under the age of three; abusing the child or another child; where the child evidences "extreme and deep-seated antipathy" toward the parent or when there is "substantial erosion" of the parent-child relationship caused by the parent's behavior; when the parent has been convicted of certain crimes involving children; and when the child has been adjudicated to be an abused or neglected *920 child and custody of the child has been transferred and a court has determined that reuniting the parent and child is not in the child's best interest. See Miss.Code Ann. § 93-15-103 (Rev.2004).
¶10. "A guardian ad litem shall be appointed to protect the interest of the child in the termination of parental rights." Miss.Code Ann. §XX-XX-XXX(1) (Rev.2004). Our supreme court has held that the failure to appoint a guardian ad litem in a termination of parental rights proceeding constitutes reversible error. E.M.C. v. S.V.M., 695 So.2d 576, 580 (Miss.1997). Although E.M.C. dealt with an action to adopt the child in addition to an action to terminate parental rights, we find this distinction irrelevant, as our supreme court has previously determined that the statute speaks for itself. "The statute, as written, is clear and unambiguous. It unequivocally mandates that a guardian ad litem be appointed to protect the interest of a child in a termination of parental rights proceeding. The statute is clearly mandatory and not permissive." Luttrell v. Kneisly, 427 So.2d 1384,1388 (Miss.1983).
¶11. The chancellor erred in failing to appoint a guardian ad litem to represent Nicole's interests; therefore, this cause is reversed and remanded.
III. WAS IT ERROR FOR THE DEPARTMENT OF HUMAN SERVICES REPRESENTATIVE TO REFUSE TO TESTIFY AND WAS IT ERROR FOR THE CHANCELLOR TO REFUSE TO ALLOW HEFFNER TO REVIEW THE RECORDS SUBMITTED BY THE YOUTH COURT?
¶12. During the hearing on the matter, the chancellor states that he met in camera with the DHS social worker, Jean Rodgers, in order to discuss the investigation by DHS concerning Nicole. Prior to this proceeding the Panola County Youth Court issued an order permitting the limited disclosure of Nicole's records. The order stated that the records be disclosed to Judge Willard and that the order be "construed to allow for the testimony of the appropriate case/social worker as to any personal observations and/or conclusions that she may have as to the minor child." The record also contains a motion from Heffner's attorney describing various discrepancies between the transcript of the hearing and the tapes of the hearing, including dialogue where Heffner called Rodgers, who had been subpoenaed by Heffner, to testify but Rodgers refused. The trial court later entered an order granting Heffner's motion to correct errors in the transcript.
¶13. As a result, Heffner argues that it was reversible error for the chancellor to conduct the interview with Rodgers in camera with no record for this Court to review. Mississippi Code Annotated Section 43-21-261 (Rev.2004) discusses the disclosure of records involving children. Section 43-21-261(1) states that "Except as otherwise provided in this section, records involving children shall not be disclosed . . . except pursuant to an order of the youth court specifying the person or persons to whom the records may be disclosed. . . ." This particular section lists seven specific persons or entities to whom the orders may be issued. But, Section 43-21-261(3) states that "Upon request, the parent, guardian or custodian of the child who is the subject of a youth court case or any attorney for such parent . . . shall have the right to inspect any record, report or investigation which is to be considered by the youth court at a hearing. . . ." This inspection of the records is limited, however, and does not permit copying.
*921 ¶14. In State v. U.G., 726 So.2d 151 (Miss.1998), the trial judge requested the youth court and school records of a juvenile criminal defendant and reviewed these records in camera. The supreme court found that the trial judge abused his discretion in not allowing either party to review these records and found that the judge, in doing so, denied the appellate court an opportunity to review the evidence he relied upon in making his decision. The supreme court stated that the parties could have reviewed the records and "made any challenges in camera while still protecting the defendant." Id. at 156(¶24).
¶15. Furthermore, an opinion by the attorney general interprets the provisions of Section 43-21-261 as granting the parent, inter alia, the right to inspect the records without the prerequisite of an order from the youth court. Taylor, July 30, 2004, A.G. Op. # 04-0370.
¶16. We find that it was error for the chancellor to refuse to allow the parties to review Nicole's records and to conduct the interview with Rodgers in camera. This Court cannot apply the appropriate standard of review if we do not have the same evidence before us as the chancellor.
¶17. THE JUDGMENT OF THE BOLIVAR COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.