FACTS AND PROCEDURAL HISTORY
 ¶ 1. Deborah and Freddie Sullivan were married on July 25, 1976, in Simpson County. The Sullivans had four children, only two of whom were minors at the time of divorce. On May 22, 2002, Deborah filed for divorce on the grounds of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. On June 13, 2002, the chancellor entered a temporary order granting, inter alia, temporary custody of the two minor children to Deborah and ordering Freddie to pay temporary child support.
 ¶ 2. Deborah and Freddie ultimately agreed to an irreconcilable differences divorce, leaving certain issues for the chancellor to decide, including division of the property and medical expenses of the children. On June 3, 2004, the chancellor entered a final judgment wherein he divided the marital assets, namely a double-wide mobile home and a single-wide mobile home. Freddie was awarded the double-wide and Deborah the single-wide. The chancellor further ordered Freddie to pay Deborah $17,000, representing one-half of the remaining equity.
 ¶ 3. On June 11, 2004, Deborah filed a motion to alter or amend the final judgment as the single-wide mobile home awarded to her in the divorce had been destroyed by fire prior to the entry of the final judgment. After a hearing on the matter, the chancellor amended the final judgment, ordering Freddie to pay, in addition to the $17,000, Deborah the sum of $16,500 representing the value of the single-wide mobile home. Deborah was also granted a lien on the double-wide mobile home owned by Freddie to secure payment.
 ¶ 4. Freddie now appeals to this Court asserting that the chancellor erred in ordering him to pay $16,500 to Deborah.
 STANDARD OF REVIEW ¶ 5. This Court will not disturb the findings of a chancellor unless we find an abuse of discretion, an erroneous application of law, or manifest error. Andrews v.Williams, 723 So.2d 1175, 1176 (¶ 7) (Miss.Ct.App. 1998). Thus, if we find substantial evidence in the record to support the chancellor's findings, we will not reverse. Wilbourne v. Wilbourne, 748 So.2d 184, 186
(¶ 3) (Miss.Ct.App. 1999). We review questions of law de novo. In re Custody of M.A. G., 859 So.2d 1001, 1003
(¶ 4) (Miss. 2003).
 DISCUSSION I. DID THE CHANCELLOR ERR IN ORDERING FREDDIE TO PAY $16,500 TO DEBORAH?
 ¶ 6. In his only issue on appeal, Freddie argues that the chancellor erred in ordering him to pay an extra $16,500 to Deborah as a result of the destruction of the single-wide mobile home. Freddie claims *Page 307 
that there was insufficient evidence for the chancellor to determine the value of the single-wide mobile home.
 ¶ 7. As Deborah did not file a brief in this matter, we have two options before us. The first is to take Deborah's failure to file a brief as a confession of error and reverse, which should be done when the record is complicated or of large volume and "the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error." May v. May, 297 So.2d 912,913 (Miss. 1974). The second is to disregard Deborah's error and affirm, which should be used when the record can be conveniently examined and such examination reveals a "sound and unmistakable basis or ground upon which the judgment may be safely affirmed."Id. As the former option is not applicable due to the size of the record and the quality of Freddie's brief, we can safely affirm the chancellor for the following reasons.
 ¶ 8. It is clear that, during the hearing on the motion to amend the final judgment, Freddie was evasive and uncooperative during questioning. It is also clear that Freddie did receive some insurance money as a result of the fire which destroyed the single-wide but was reluctant to divulge the exact amount. After attorneys for both parties were unable to get a definitive answer from Freddie, the chancellor asked him the following:
 JUDGE BUFFINGTON: Did you receive any money from anyone due to the burning' of the trailer?
 THE WITNESS: Yes.
 JUDGE BUFFINGTON: And how much money did you receive?
 THE WITNESS: I don't recall right now.
 JUDGE BUFFINGTON: Who did you receive it from?
 THE WITNESS: I don't remember. I've been sick a lot and I can't remember what it was.
 ¶ 9. At the close of the hearing, the chancellor found as follows:
 And since I'm not real sure how much insurance or how much he received, the only way I know to change that and to correct that is that there were values given on the value of the mobile home at the time that the court made its decision. Therefore, I'm going to order Mr. Sullivan to pay the value that was placed on those according to financial declarations at the time of the — that the divorce proceedings were had and I will likewise give Ms. Sullivan a lien against the other mobile home that was in there until such time that it is paid in full.
Apparently the value of each mobile home considered by the chancellor was the appraised value on record at the tax collector's office. These figures were also stipulated to by both parties. We can find no abuse of discretion by the chancellor in ordering Freddie to pay Deborah the value of the mobile home which was stipulated to at the time of the divorce proceedings. Therefore, we affirm.
 ¶ 10. We also note that Freddie claims that Deborah's motion to alter the final judgment failed to state a claim upon which relief could be granted in accordance with Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. However, upon review of the motion, it clearly states the relief Deborah sought.
 ¶ 11. THE JUDGMENT OF THE SIMPSON COUNTY CHANCERY COURTIS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANT. *Page 308 
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.