994 So.2d 246 (2008)
Walterine HAYES, Appellant,
v.
Andrew P. HAYES, Appellee.
No. 2007-CA-01806-COA.
Court of Appeals of Mississippi.
November 4, 2008.
*247 Robert M. Logan, Newton, Tanya L. Phillips, attorneys for appellant.
Andrew P. Hayes, pro se.
Before LEE, P.J., ROBERTS and CARLTON, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Walterine and Andrew P. Hayes were married to each other for the second time in February 1991. Walterine and Andrew separated in March 2004. Walterine and Andrew were granted an irreconcilable differences divorce on August 2, 2005, in the Newton County Chancery Court. The parties entered into a property *248 settlement agreement that was incorporated into the judgment of divorce. Part of this agreement included a section where the parties agreed to "receive use, possession and ownership of all other items of personal property currently in their possession, including ... retirement accounts, pension accounts...."
¶ 2. In June 1996, while the parties were married, Andrew executed a Joint and 50% Surviving Spouse Option for Walterine, which was provided through his employer's pension plan. Sometime prior to the divorce, Andrew retired and began drawing a monthly pension payment of $1,275. Because Andrew elected to provide Walterine this benefit, his pension was paid to him at a reduced rate.
¶ 3. Subsequent to the divorce, Walterine refused to execute a waiver releasing any interest she had in the pension account. Walterine claimed that the option was vested in her prior to the divorce and that she retained an ownership in this interest as her separate property. Andrew then filed a contempt action. After a hearing on the matter, the chancellor ruled in favor of Andrew, finding that pursuant to the property settlement agreement, Walterine had waived any claim to Andrew's pension. Walterine now appeals asserting that her interest in the pension plan was vested during the parties' marriage and that the chancellor erred in ordering her to waive her interest in the surviving spouse option.

STANDARD OF REVIEW
¶ 4. Our standard of review in chancery matters is well settled: This Court will not reverse a decision of a chancellor unless the chancellor's findings were clearly erroneous, manifestly wrong, or based upon an erroneous legal standard. Pearson v. Pearson, 761 So.2d 157, 162(¶ 14) (Miss.2000).

DISCUSSION
¶ 5. As Andrew did not file a brief in this matter, we have two options before us. The first is to take Andrew's failure to file a brief as a confession of error and reverse, which should be done when the record is complicated or of large volume and "the case has been thoroughly briefed by appellant with a clear statement of the facts, and with apt and applicable citation of authorities, so that the brief makes out an apparent case of error." May v. May, 297 So.2d 912, 913 (Miss. 1974). The second is to disregard Andrew's error and affirm, which should be used when the record can be conveniently examined and such examination reveals a "sound and unmistakable basis or ground upon which the judgment may be safely affirmed." Id. Because Walterine has made out an apparent case of error, and the basis for the chancellor's decision is erroneous, we discuss the merits below.
¶ 6. We must determine whether Walterine had an interest in Andrew's pension plan through the surviving spouse option at the time the parties entered into the property settlement agreement and whether Walterine effectively relinquished her interest in the pension plan. Andrew's pension plan is governed by the Employee Retirement Income Security Act (ERISA). See 29 U.S.C. § 1001 et seq. The Retirement Equity Act (REA) of 1984 amended ERISA and enhanced ERISA's protection to spouses and dependent children. Rivers v. Cent. and S.W. Corp., 186 F.3d 681, 683 (5th Cir.1999). The REA created the Qualified Domestic Relations Order (QDRO), which recognizes an alternate payee's rights to a portion of the benefits payable with respect to a participant under a pension plan. Id. In the absence of a QDRO, benefits provided through a pension *249 plan "may not be assigned or alienated." 29 U.S.C. § 1056(d)(1).
¶ 7. Neither this Court nor the supreme court has addressed this issue. However, there is ample guidance from federal case law. In Hopkins v. AT & T Global Information Solutions Co., 105 F.3d 153, 155-56 (4th Cir.1997), the Fourth Circuit determined that surviving spouse benefits vested in the plan participant's current spouse on the date the participant retires. In Rivers, the Fifth Circuit found that the husband's pension benefits "irrevocably vested in [his current spouse] on the date of his retirement and [the first wife] [was] forever barred from acquiring an interest in [husband's] pension plan." Rivers, 186 F.3d at 683-84. The Rivers court noted that the first wife could have protected her rights by obtaining a QDRO prior to her ex-husband's date of retirement or, stated differently, prior to the second wife's vesting of her husband's pension benefits. Id; see also 29 U.S.C. § 1056(d)(3)(A). Clearly, Walterine had a vested interest in Andrew's pension benefits at the time of his retirement, which was prior to the parties' separation and divorce. Thus, at the time the property settlement agreement was entered into, Walterine was entitled to retain her surviving spouse benefits because they were personal property in her possession at the time of the execution of the agreement.
¶ 8. We now determine whether Walterine relinquished her interest in the surviving spouse benefits. The Fifth Circuit has stated that to qualify as a QDRO a divorce decree must "`clearly specif[y]' the identity of any beneficiary, the particular plans affected, and the exact manner of calculating benefits." Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, 497 F.3d 426, 431 (5th Cir.2007) (citing 29 U.S.C. § 1056(d)(3)(C)). The property settlement agreement fails to meet these specifications. Thus, Walterine never waived her interest in the surviving spouse benefits, and the chancellor erred in finding so. We reverse and remand for further proceedings consistent with this opinion.
¶ 9. We note that Walterine requested attorney's fees. Upon remand, the chancellor should determine whether to award Walterine reasonable attorney's fees.
¶ 10. THE JUDGMENT OF THE NEWTON COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.