LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Henry and Mozella Frazier and Arthur and Bernice Frazier received 120 acres of real property located in Hinds County by warranty deed on November 8, 1955. At some time in 1988, the couples agreed to an equal division of the property. The deed to Henry and Mozella’s portion was produced at trial, but the deed to Arthur and Bernice’s portion could not be located.
¶ 2. Eugene Frazier (Eugene) and the heirs of Henry and Mozella Frazier brought suit in the Hinds County Chancery Court against Simon Frazier (Simon) and the heirs of Arthur and Bernice Frazier seeking title to the real property by virtue of adverse possession. In the alternative, Eugene sought partition and repayment of taxes and other sums expended in managing the property. Although Simon and the heirs of Arthur and Bernice were served with process, none of them appeared for trial.
¶ 3. The chancellor found that Eugene failed to show by clear and convincing evidence that all of the elements of adverse possession were met. The chancellor did, however, award Eugene a money judgment of $1,620 plus legal interest for the taxes and other expenses paid by Eugene. Eugene now appeals, asserting that the chancellor erred in failing to award Eugene title to the property by virtue of adverse possession.
STANDARD OF REVIEW
¶ 4. “This Court has a limited standard of review in examining and considering the decisions of a chancellor.” Ellison v. Meek, 820 So.2d 730, 734(¶11) (Miss.Ct.App.2002). “When reviewing a chancellor’s decision, we will accept a chancellor’s findings of fact as long as the evidence in the record reasonably supports those findings. In other words, we will not disturb the findings of a chancellor *1220 unless those findings are clearly erroneous or an erroneous legal standard was applied.” Peagler v. Measells, 743 So.2d 389, 390(¶ 6) (Miss.Ct.App.1999). “The chancellor, as the trier of fact, evaluates the sufficiency of the proof based on the credibility of witnesses and the weight of their testimony.” Ellison, 820 So.2d at 734(¶ 11). We review questions of law de novo. Id.
DISCUSSION
¶ 5. We first note that Simon and the heirs of Arthur and Bernice Frazier have failed to file an appellee’s brief on the matter. As Simon did not file a brief in this matter, we have two options before us. The first is to take Simon’s failure to file a brief as a confession of error and reverse, which should be done when the record is complicated or of large volume and “the case has been thoroughly briefed by [the] appellant with a clear statement of the facts, and with apt and applicable citation of authorities, so that the brief makes out an apparent case of error.” May v. May, 297 So.2d 912, 913 (Miss.1974). The second is to disregard Simon’s lack of a brief and affirm, which should be done when the record can be conveniently examined and such examination reveals a “sound and unmistakable basis or ground upon which the judgment may be safely affirmed.” Id. The record before this Court consists of approximately fifteen pages of trial testimony, a few property tax receipts, and a warranty deed from 1955. As the former option is not applicable due to the size of the record and the failure of Eugene to show error, we can safely affirm the chancellor for the reasons we discuss below.
¶ 6. Adverse possession is statutory in Mississippi. Mississippi Code Annotated section 15-1-13(1) (Rev.2003) provides, in pertinent part, as follows:
Ten (10) years’ actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title....
To establish a claim of adverse possession, Eugene must show by clear and convincing evidence that his possession was: “(1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful.” West v. Brewer, 579 So.2d 1261, 1262 (Miss.1991) (quoting Stallings v. Bailey, 558 So.2d 858, 860 (Miss.1990)).
¶ 7. If the party is claiming land possessed by a cotenant, the party claiming the land by adverse possession must also prove ouster. Williams v. Estate of Williams, 952 So.2d 950, 953(¶ 8) (Miss.Ct.App.2006). “The cotenant alleging ouster has the burden of establishing that the other cotenants were unequivocally ousted by actual notice or conduct equivalent thereto.” Jordon v. Warren, 602 So.2d 809, 815 (Miss.1992). Evidence of acts by a cotenant not inconsistent with cotenancy, such as using the land and paying taxes on it, do not constitute an ouster of the other cotenants. Campbell v. Dedeaux, 386 So.2d 713, 715 (Miss.1980).
¶ 8. Eugene testified that Henry and Mozella’s heirs had paid the taxes on the land for a number of years. Eugene stated that, since at least 1988, they had cattle grazing on the property. Eugene also stated that they inspected the property from time to time. Eugene testified that he thought Henry had cut timber from the *1221 land in 1995. Eugene said that Arthur, who was still living at that time, did not share in the revenue from the timber “because the land had been split, and there was no argument as to who” owned it. Eugene, however, was unsure as to who had paid for the fence around the property in 1955, but he stated that they have maintained the fence. Eugene stated that some of his family had lived on the property at some point, but that none of Arthur and Bernice’s heirs lived on the property.
¶ 9. J.D. Frazier also testified on behalf of Henry and Mozella’s heirs. J.D. testified that the entire property was fenced by Henry in the mid-1950s, but he could not recall if Arthur had helped. J.D. also testified that he thought Simon had paid taxes on the land at some point. J.D. contradicted Eugene’s earlier testimony by stating that they stopped using the land for cattle in 1988.
¶ 10. This Court has found that payment of taxes is “strong evidence of a claim of title.” Wicker v. Harvey, 937 So.2d 983, 995(¶ 38) (Miss.Ct.App.2006). However, the copies of the prior tax bills submitted in the record do not show a continuous payment of the property taxes by Eugene. These receipts merely show that someone paid taxes on a portion of the property in the early 1990s and again for the 2004, 2006, and 2007 tax years.
¶ 11. We find that the evidence supports the chancellor’s decision that Eugene did not establish his adverse possession claim by clear and convincing evidence. The meager testimony presented at best created some confusion as to whether Eugene was discussing the full 120 acres or his father’s half of the acreage as of 1988. We also find that Eugene failed to prove ouster for the same reason. It is unclear as to his testimony whether he was discussing his efforts to possess the full 120 acres prior to 1988 at which point the property was divided. This issue is without merit.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.