# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-CP-00019-SCT

*BENARD HUBBARD II*

*v.*

*NEXION HEALTH AT CLINTON INC. D/B/A
WOODLANDS REHABILITATION AND
HEALTHCARE CENTER, MINOR MED CARE
P.A., AND TIMOTHY DUNCAN ESTES M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2024 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BENARD HUBBARD II (PRO SE) |
| ATTORNEYS FOR APPELLEES: | JOHN DENSON HOUSTON |
| | STEPHEN P. KRUGER |
| | WILLIAM EUGENE GRUBBS |
| | JAMES BRIAN MORRISON |
| | THURMAN LAVELLE BOYKIN III |
| | SENICA MANUEL TUBWELL |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 05/28/2026 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH
## NO. 2025-CP-00386-SCT

*BENARD HUBBARD II*

*v.*

*TIMOTHY ESTES M.D. AND NEXION HEALTH
AT CLINTON, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2025 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BENARD HUBBARD II (PRO SE) |

ATTORNEYS FOR APPELLEES:       STEPHEN P. KRUGER
                               JOHN DENSON HOUSTON
                               WILLIAM EUGENE GRUBBS
                               THURMAN LAVELLE BOYKIN III
                               SENICA MANUEL TUBWELL
                               JAMES BRIAN MORRISON
NATURE OF THE CASE:            CIVIL - WRONGFUL DEATH
DISPOSITION:                   REVERSED AND REMANDED - 05/28/2026
MOTION FOR REHEARING FILED:

**EN BANC.**

**BRANNING, JUSTICE, FOR THE COURT:**

¶1.     Benard Hubbard II electronically signed an admissions agreement and a separate arbitration agreement for his father's admission to Woodlands Rehabilitation and Healthcare Center (Woodlands Rehab) in Clinton, Mississippi.  Two years later, Benard Hubbard Sr. filed a medical-negligence claim against Nexion Health at Clinton, Inc. (Woodlands Rehab's parent company), Dr. Timothy Estes, and Minor Med Care, P.A., and the trial court granted Defendants' motion to compel arbitration.  This consolidated appeal resulted.  Because we find that insufficient evidence supports the trial court's decision to order arbitration, we reverse and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2.     On November 5, 2021, Hubbard Sr. was admitted to Woodlands Rehab. At that time, Hubbard Sr. was reported to be competent and able to communicate with nursing staff.  But during the admissions process, Hubbard Sr.'s son Hubbard II electronically signed the admissions packet, which included a stand-alone arbitration agreement. Two Nexion employees countersigned the arbitration agreement on the same day.

2

¶3.    Then, on November 28, 2023, Hubbard Sr. filed a medical-negligence claim against Nexion and Dr. Estes.  On May 21, 2024, Nexion filed a motion to compel arbitration, which Dr. Estes joined.  In the motion, Nexion and Dr. Estes also requested that the trial court allow "the parties [to] conduct limited discovery in order to properly inform the [trial court] of the facts surrounding the execution of the arbitration agreement," primarily to explore the nature of the relationship between Hubbard Sr. and Hubbard II at the time of admission.

¶4.    During the hearing on the motion to compel arbitration, counsel for both parties conceded the absence of a power of attorney for Hubbard Sr. and further stipulated that the subject arbitration agreement was a stand-alone agreement not affecting Hubbard Sr.'s admission to Woodlands Rehab. Nexion specified that it was not reliant on the healthcare-surrogate theory of authority but only that of an implied agency relationship between Hubbard Sr. and Hubbard II stemming from Hubbard II's service as Hubbard Sr.'s attorney.

¶5.    No testimony or other evidence establishing express or implied agency was proffered at the hearing in support of Nexion's motion.  Hubbard Sr.'s response to the motion to compel arbitration included an affidavit from Hubbard II stating that he had signed the admission agreement and arbitration agreement without consulting with or obtaining authority from Hubbard Sr. to do so. No evidence was offer to refute this affidavit, and Nexion restated its request for "arbitration agreement discovery."

¶6.    Following the hearing, the trial court granted the motion to compel arbitration in favor of Nexion and later Dr. Estes. In its order, the trial court expressed "concern[] with the arguments presented," finding that the "relative-signatory who admitted his parent into the

Woodlands rehabilitation facility, now, takes issue with one of the contractual agreements he signed on his parent's behalf, i.e. the voidable arbitration agreement. The signatory's attempt to cherry-pick contracts presents issues of deceit[.]" The order did not specify any factual basis to support the decision to grant arbitration, specifically Hubbard II's authority to execute the arbitration agreement. Additionally, the order did not address Nexion's request for additional discovery. Hubbard Sr. timely appealed.[1]

¶7. On appeal, neither Nexion nor Dr. Estes filed a brief on the merits but instead filed a "Concession of Error (Partial)" in which they conceded that the limited factual record currently before this Court is likely insufficient for this Court to affirm the trial court's judgment. They request that this Court remand the case to the trial court for "specific requisite findings" on the motion to compel arbitration.

## STANDARD OF REVIEW

¶8. This Court reviews the trial court's decision to grant or deny a motion to compel arbitration de novo.[2] *Wellness, Inc. v. Pearl River Cnty. Hosp.*, 178 So. 3d 1287, 1290 (Miss. 2015) (citing *Caplin Enters., Inc. v. Arrington*, 145 So. 3d 608, 612 (Miss. 2014); *Compere's Nursing Home, Inc. v. Est. of Farish ex rel. Lewis*, 982 So. 2d 382, 383 (Miss. 2008)).

---

[1]Following Hubbard Sr.'s death on January 16, 2025, this Court allowed Hubbard II to be substituted as the proper party in the place of Hubbard Sr. for this appeal.

[2] This Court reviews "the trial judge's factual findings under an abuse-of-discretion standard," but the Court reviews all legal conclusions de novo. *Virgil v. S. Miss. Elec. Power Ass'n*, 296 So. 3d 53, 59 (Miss. 2020) (quoting *Smith v. Express Check Advance of Miss., LLC*, 153 So. 3d 601, 605-06 (Miss. 2014). The trial-court orders in this case, however, contain very few (if any) factual findings.

4

¶9.    "When determining whether a valid arbitration agreement exists, we employ ordinary principles of contract law." ***Harrison Cnty. Com. Lot, LLC v. H. Gordon Myrick, Inc.***, 107 So. 3d 943, 950 (Miss. 2013) (citing ***Terminix Int'l, Inc. v. Rice***, 904 So. 2d 1051, 1055 (Miss. 2004)). "[T]his Court ought and generally will affirm a trial court sitting without a jury on a question of fact unless, based upon substantial evidence, the court must be manifestly wrong." ***Transocean Enter., Inc. v. Ingalls Shipbuilding, Inc.***, 33 So. 3d 459, (Miss. 2010) (alteration in original) (internal quotation marks omitted) (quoting ***Yarbrough v. Camphor***, 645 So. 2d 867, 869 (Miss. 1994)). "The word 'manifest,' as defined in this context, means 'unmistakable, clear, plain, or indisputable.'" ***Id.*** (internal quotation marks omitted) (quoting ***Singley v. Singley***, 846 So. 2d 1004, 1007 (Miss. 2002)).

## DISCUSSION

¶10.    On appeal, Hubbard II raises several issues: (1) whether the arbitration agreement was valid, and (2) whether Nexion waived its discovery motion by neglecting to secure a trial-court ruling on the motion.

¶11.    This Court applies a two-pronged analysis to determine whether a party is bound to arbitration. ***Belhaven Senior Care, LLC v. Smith***, 359 So. 3d 612, 616 (Miss. 2023) (citing ***E. Ford, Inc. v. Taylor***, 826 So. 2d 709, 713 (Miss. 2002)). First, the Court must decide whether a valid arbitration agreement exists, and, if so, the Court must then determine whether the parties' dispute falls within the scope of the agreement. ***Id.*** (quoting ***Taylor***, 826 So. 2d at 713). Under the second prong, this Court then determines "whether legal constraints external to the parties' agreement foreclosed arbitration of those claims." ***Id.***

5

(internal quotation marks omitted) (quoting *Taylor*, 826 So. 2d at 713). Additionally, this Court has held that "[t]he burden of establishing the existence of an arbitration agreement, in line with the burden of establishing the existence of a contract, rests on the party seeking to invoke it." *KPMG, LLP v. Singing River Health Sys.*, 283 So. 3d 662, 674 (Miss. 2018) (internal quotation marks omitted) (quoting *Wellness, Inc.*, 178 So. 3d at 1292).

¶12. Neither Nexion nor Dr. Estes filed a brief on the merits but instead filed a "Concession of Error (Partial)" stating that "the limited factual record currently before the Court is likely insufficient to allow this Court to adequately review the Circuit Court's decision." In this event, the Court may either "accept appellant's brief as confessed and . . . reverse[,]" *May v. May*, 297 So. 2d 912, 913 (Miss. 1974), or "disregard the appellees' error and affirm[] . . . when the record can be conveniently examined and . . . the judgment may be safely affirmed.'" *Stratton v. McKey*, 298 So. 3d 999, 1003 (Miss. 2020) (internal quotation marks omitted) (quoting *May*, 297 So.2d at 913).

¶13. Nexion called no witnesses and presented no evidence to establish an agency relationship supporting its motion to compel arbitration. Hubbard II's affidavit stated that he lacked authority to sign the arbitration agreement on behalf of Hubbard Sr., and Nexion failed to produced evidence refuting it. The trial court did not specify what, if any, factual basis existed for its order compelling arbitration. Therefore, we find the evidence insufficient to support the trial court's order compelling arbitration; the judgment cannot be affirmed.

¶14. Second, in its concession, Nexion and Dr. Estes ask this Court to remand the matter

6

to the trial court for the purpose of conducting limited discovery, but they failed to cite legal authority. Additionally, the request comes before this Court after either party failed to obtain a ruling from the trial court on the motion for limited discovery.

¶15. But "[t]his Court has repeatedly held that 'it is the responsibility of the movant to obtain a ruling from the court on motions . . . and failure to do so constitutes a waiver.' ***WBL SPO I, LLC v. W. Town Bank & Tr.***, 359 So. 3d 1069, 1077 (Miss. 2023) (second alteration in original) (internal quotation marks omitted) (quoting ***Evans v. State***, 725 So. 2d 613, 708 (Miss, 1997)); *see also* ***Ramsey v. Auburn Univ.***, 191 So. 3d 102, 112 (Miss. 2016) ("Because [the movant] failed to obtain a ruling on his motion to compel discovery, he abandoned his discovery argument."); ***Cossitt v. Alfa Ins. Corp.***, 726 So. 2d 132, 134 (Miss. 1998) ("'[T]he affirmative duty rests upon the party filing the motion to follow up his action by bringing it to the attention of the trial court.' A motion that is not ruled upon is presumed abandoned." (alteration in original) (citations omitted)). Therefore, we find the discovery motion abandoned.

## CONCLUSION

¶16. Because the record contains insufficient evidence to establish Hubbard II's legal authority to bind his father to arbitration, as conceded by Nexion and Dr. Estes, we find that the trial court erroneously granted the motion to compel arbitration. Additionally, because Nexion and Dr. Estes failed to obtain a trial court ruling on the request for additional discovery, this issue has been abandoned for appellate review. For these reasons, we now reverse the trial court's decision granting arbitration and remand the case for further

7

proceedings on the merits consistent with this opinion.

¶17.    **REVERSED AND REMANDED.**

    **RANDOLPH, C.J., KING AND COLEMAN, P.JJ., ISHEE, GRIFFIS AND SULLIVAN, JJ., CONCUR.**