SMITH, Justice,
for the Court:
This case comes before the Court on appeal of Refrigeration Sales from the grant of summary judgment by the chancellor of the Hinds County Chancery Court against this foreign corporation in favor of the State of Mississippi.
The controversy between these parties centers on the interpretation of the word “state” in Miss.Code Ann. § 31-7-47. This statute requires ■ that a nonresident bidding on a. Mississippi public contract be accorded treatment commensurate with the treatment a Mississippi resident would receive if bidding on a contract in the state of domicile of the nonresident. The chancellor agreed with the State’s position that “state” means any governmental unit capable of promulgating and enforcing policies which grant preference to contractors domiciled in that governmental unit and granted a motion for summary judgment.
In this case, Refrigeration Sales Co., Inc., the lower bidder on a contract to supply refrigerant gas to the State, was not awarded the contract because the City of New York gives a preference to resident bidders in awarding contracts. Refrigeration Sales is a New York corporation. The State of New York does not have a preference statute as did the City of New York. Refrigeration Sales had previously been awarded Mississippi state contracts without this preference being raised.
*1352 In bringing this appeal from the grant of summary judgment Refrigeration Sales raises the following issues:
I. THE MEANING OF THE WORD “STATE” AS USED IN SECTION 31-7-47 IS CLEAR AND UNAMBIGUOUS AND DOES NOT INCLUDE POLITICAL SUBDIVISIONS.
II. THE MISSISSIPPI LEGISLATURE DID NOT INTEND THE WORD “STATE” TO INCLUDE ALL POLITICAL SUBDIVISIONS OF THE STATE.
III. A MISSISSIPPI CONTRACTOR BIDDING UNDER SIMILAR CIRCUMSTANCES IN NEW YORK WOULD NOT HAVE PREFERENCE APPLIED AGAINST ITS BID.
The clear language of the statute does not indicate that “state” includes the expansive interpretation given by the lower court. The statute intends that there be equal or reciprocal treatment on the same levels of government. The legislature utilized only the word “state.” Had the legislature intended to mean between any political subdivisions, such as cities, counties, or nations, then doubtless that language would have been included. It is equally clear that a Mississippi contractor bidding in the State of New York would not have preference applied against its bid, because New York State does not have a preference statute.
We must agree with Refrigeration Sales. This case is reversed and rendered.
THE FACTS
Refrigeration Sales is a New York corporation with its principal place of business in Long Island City, New York.
On or about December 20, 1990, the State of Mississippi invited Refrigeration Sales to submit a bid on a contract to supply the State’s refrigerant gas requirements for the six month period March 1,1991 to August 31, 1991. Refrigeration Sales had supplied the State’s refrigerant gas requirements for several years.
Three other suppliers submitted bids to the State on Bid File Number 740-11. The bids were unsealed on January 23, 1991. The bids were as follows:
Refrigeration Sales —■ $158,581.50
Climate Supply • — 165,251.30
Paine Supply — 169,586.70
Johnson Supply — 195,952.90
Since Refrigeration Sales had been represented at the bid opening and knew that they had the lowest bid, they expected to be awarded the contract. On February 26, 1991, Refrigeration Sales learned that the State had awarded the contract to the second lowest bidder, Climate Supply, a Mississippi corporation. Refrigeration Sales then notified the State of its concern in not being awarded the contract.
In a February 27, 1991, letter from Don Buffum, Senior Contract Analyst, Department of Finance and Administration, Refrigeration Sales was told that the State based its decision to award the contract to Climate Supply on its interpretation of Miss.Code Ann. § 31-7-47 (1972). While the State of New York does not have a preference for New York contractors in granting public contracts, the City of New York does have a 5% preference for New York City vendors. Refrigeration Sales is considered a New York City vendor.
The State applied the preference given vendors in the City of New York to the bid submitted by Refrigeration Sales. By adding this 5% penalty to the total bid submitted by Refrigeration Sales, the bid submitted by Climate Supply effectively became the lowest responsive bid and Climate Supply was awarded the contract.
Refrigeration Sales filed suit on April 19, 1991, seeking a declaratory judgment that a preference should only be given Mississippi resident contractors under Section 31-7-47 when the laws of the state of domicile of a nonresident bidder give preference to local contractors.
The State sought to dismiss the complaint on May 21, 1991, on grounds that it failed to state a claim for which relief could be granted.
Refrigeration moved for summary judgment on May 24, 1991, arguing, among other *1353 things, that the State of New York does not give a preference to New York resident contractors when the State of New York grants public contracts.
The trial court converted the State’s motion to dismiss into a motion for summary judgment. The trial court made certain findings and granted the State’s motion for summary judgment. •
DISCUSSION
I. The Meaning Of The Word “State” As Used In Section 31-7-47 Is Clear And Unambiguous And Does Not Include Political Subdivisions.
This issue necessitates review of several appropriate statutes but ultimately the question turns on the statutory definition of the term “state.”
Upon examination of Miss.Code Ann. § 31-7-47 (1972) we find the following:
In the letting of public contracts, preference shall be given to resident contractors, and a nonresident bidder domiciled in a state having laws granting preference to local contractors shall be awarded Mississippi public contracts only on the same basis as the nonresident bidder’s state awards contracts to Mississippi contractors bidding under similar circumstances. Resident contractors actually domiciled in Mississippi, be they corporate, individuals or partnerships, are to be granted preference over nonresidents in awarding of contracts in the same manner and to the same extent as provided by the laws of the state of domicile of the nonresident.
Miss.Code Ann. § 31-3-21(3) also speaks of the preference to be given to resident contracts and states in part:
(3) In letting of public contracts preference shall be given to resident contractors, and a nonresident bidder domiciled in a state having laws granting preference to local contractors shall be awarded Mississippi public contracts only on the same basis as the nonresident bidder’s state awards contracts to Mississippi contractors bidding under similar circumstances; and resident contractors actually domiciled in Mississippi, be they corporate, individuals, or partnerships, are to be granted preference over nonresidents in awarding of contracts in the same manner and to the same extent as provided by the laws of the state of domicile of the nonresident. When a nonresident contractor submits a bid for a public project, he shall attach thereto a copy of his resident state’s current law pertaining to such state’s treatment of nonresident contractors.
In these statutes there are obvious parallels made between the term “state” and “Mississippi.” This is also indicated when comparing the language speaking of “state of domicile” and “domiciled in Mississippi.” Trying to engraft another political or governmental unit onto “state” or expand the meaning simply does not make sense. To attempt such expansion would be usurping the authority of the legislature as well as creating ambiguity and uncertainty in many other statutes using the word state.
Miss.Code Ann. § 1-3-49 (1972) defines the term “state” as follows:
The term “state,” when applied to different parts of the United States, shall, when used in any statute, extend to and included the District of Columbia and the several territories created or recognized by congress.
The chancellor in this case held that “[t]he word ‘state’ as used in this statute included any governmental unit capable of promulgating and enforcing policies which grant a preference to resident contractors domiciled in that governmental unit.” It is argued by the State that the definition of “state” “can and does include the City of New York as surely as the state of Missouri or the nation of Japan.”
Looking at the use of the word “state” not only in the statute in question but elsewhere, the position taken by the lower court and the State on appeal cannot be justified. In terms of definition only, which is what we consider under this assignment of error, there is no persuasive authority for interpreting “state” other than in the normal limited and specific sense. In cases where another governmental entity foreign or domestic has been intended that “municipality,” *1354 “country,” or other governmental unit has been so designated. No other statute in which this expansive interpretation has been used has been put forth.
Adopting the interpretation proposed by the lower court would create ambiguities in other statutes. The term “state” as used in any statute would hereafter be interpretable as any governmental unit on any level. If the intent in a statute is to designate one of the fifty units of the federal government, what term should be used? If the term “state” is debased to designate a nonspecific or generic form of governmental unit, what certainty will there be in other statutes using the term “state”?
In short, “state” as used in the statute does not mean City of New York.
II. The Mississippi Legislature Did Not Intend The Word “State” To Include All Political Subdivisions Of The State.
The Court has cited:
Legislative intent as an aid to statutory construction, although often elusive to the perception of unaided vision, remains nevertheless the pole star of guidance. Appel-lee invokes an elemental formula acceptable to lay and legal usage that what the legislature said is clear and unambiguous and what it meant is to be found simply by what is said. This formula should not be discredited. It is only by words that statutory intent is to be disclosed, but it does not follow that such intent is always accurately so revealed. Ambiguity is not solely the product of obscurity....
Anderson v. Lambert, 494 So.2d 370, 373-74 (Miss.1986), citing Quitman County v. Turner, 196 Miss. 746, 18 So.2d 122 (1944).
It is not disputed that the legislative purpose of Section 31-7-47 is to give preference to contractors who are residents of the State of Mississippi. That portion of the statute is clear and to that extent the chancellor was correct. As previously set out, however, there is no cause to infer that the legislature intended that reciprocal treatment extend beyond the highest level of state governments.
The State’s brief often uses the term, a “level playing field,” in describing the intent of the statute. As we would agree that the statute clearly indicates comparison among equal players. By analogy, the minor leagues will not be compared to the major leagues.
To administer the revised statute as read by the chancellor would require that the State be cognizant of every governmental unit’s policies on resident bid preference for each nonresident bidder. This would be too heavy a burden.
The State urges that consideration should be given to the state agency’s interpretation of the statute. Grant Center Hospital of Mississippi v. Health Group of Jackson, 528 So.2d 804, 809 (Miss.1988), states as follows:
[WJhere an administrative agency errs as a matter of law, courts of competent jurisdiction should not hesitate to intervene. To be sure, the construction placed upon a statute by the agency charged with its administration and implementation is entitled to weight. Notwithstanding, this Court will not defer to an agency’s interpretation of the statute when that interpretation is repugnant to the best reading thereof, (citations omitted)
Also, in State Tax Commission v. Trailways Lines, Inc., 567 So.2d 228 (Miss.1990), quoting Mississippi Cotton Seed Products Co. v. Stone, 184 Miss. 409, 422, 184 So. 428, 431-32 (1938), this Court stated:
When the construction placed upon a statute by an administrative department of the government is clearly erroneous, and has not been followed by it for a long time, or where the administrative department, at various times, places different constructions upon the statute, the Court will not adhere to such constructions when, in its opinion, they are erroneous. See Virden v. State Tax Commission, 180 Miss. 467, 177 So. 784 [ (1938) ]. While it is proper for the Court to follow a reasonable construction, long used and practiced by the administrative officers of the law, to the end that there shall be no unnecessary hardship upon the taxpayers, yet, where it is of the opinion that such construction is not proper, it must reach its own conclusions.
*1355 The interpretation of this statute taken by the state agency was apparently of recent origin. The president of Refrigeration Sales clearly states in his affidavit that Refrigeration Sales had been supplying the State of Mississippi with refrigerant gas since 1987. He also stated, “Prior to receiving the contracts on any of these bids, the State of Mississippi invited Refrigeration Sales to bid. On each bid proposal for which Refrigeration Sales was the lowest responsive and responsible bidder, Refrigeration Sales was awarded the contract.” The date and origin of this change in policy cannot be determined from the record. Refrigeration Sales was clearly unaware of this change.
In addition to being a recent change in policy, the new interpretation by the state agency caused the State of Mississippi taxpayers to pay more for its refrigerant gas under this interpretation.
Since the interpretation of the statute was not of long standing and would serve no purpose other than to benefit a local bidder at the expense of the taxpayers, this interpretation by the agency should have no weight.
III. A Mississippi Contractor Bidding Under Similar Circumstances In New York Would Not Have Preference Applied Against Its Bid.
The language of Section 31-7-47 speaks of the preference applied against a nonresident contractor and in favor of a Mississippi contractor “bidding under similar circumstances.” As previously suggested this requires some parallel between the two “states.”
The State of New York has no statutory, regulatory or de facto bid preference for resident contractors. A Mississippi contractor bidding on a State of New York public contract would be treated the same as a New York resident contractor bidding on the same contract. Had this contract been put up for bid in New York, the contract would have gone to the lowest bidder without consideration of the domicile of the bidder.
In the present case, the application of the bid preference is misguided because of the lack of similar circumstances and the lack of reciprocity in the process.
Under this separate assignment of error, Refrigeration offers no additional legal support for its argument and therefore it cannot be a separate basis for reversal. However, there is ample previous authority for finding that the interpretation of the statute is erroneous.
CONCLUSION
The interpretation of Miss.Code Ann. § 31-7-47 that “state” includes “any governmental unit capable of promulgating and enforcing policies which grant a preference to resident contractors domiciled in that governmental unit” is contrary to the language used in that statute. State means state, such as the State of Mississippi. State does not mean the City of New York or any other governmental unit not of equal status with the State of Mississippi. Summary judgment against Refrigeration Sales cannot prevail.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J.