940 So.2d 241 (2006)
BILLY E. BURNETT, INC., Appellant
v.
PONTOTOC COUNTY BOARD OF SUPERVISORS, Appellee.
No. 2004-CA-02446-COA.
Court of Appeals of Mississippi.
February 21, 2006.
Rehearing Denied June 27, 2006.
*242 E. Stephen Williams, Robert L. Holladay, Jackson, attorneys for appellant.
Phillip L. Tutor, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. Billy E. Burnett, Inc. challenges the ruling of the Circuit Court of Pontotoc County affirming the Pontotoc County Board of Supervisors' award of a construction contract to Hooker Construction, Inc. Finding no error, we affirm the ruling of the circuit court.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In early 2003, the Pontotoc County Board of Supervisors solicited and received four bids for a contract for the exterior repair and renovation of the Pontotoc County courthouse. The low bidder for the contract, with a bid of $914,000, was Billy E. Burnett, Inc., a nonresident contractor domiciled in Tuscaloosa, Alabama. The second-lowest bid, at $936,000, was submitted by Hooker Construction, Inc., a resident contractor based in Thaxton, Mississippi. In an order adopted by the board of supervisors at its February 28, 2003 meeting, the board awarded the contract to Hooker on the basis that it submitted the best, though not the lowest, bid.
¶ 3. The order recited a number of findings supporting the board's decision. First, the board stated its belief that the two bids were "substantially equal," and that under section 31-7-47 of the Mississippi Code (Rev.2000), Hooker should be given preference over Burnett, as Hooker was a resident contractor and Burnett a nonresident. The order also stated that the board had directed the project architect to contact references for both contractors, that responses from Burnett's references were "mixed," and that "the mixture of the responses evaluating Burnett's work was mediocre." Furthermore, the order stated that Hooker had previously been awarded public construction contracts in Pontotoc County, and that its reputation for construction work was excellent. The board further found that Hooker was likely to take "great pride" in its work because its owners and many of its workers live in Pontotoc County.
¶ 4. Aggrieved by the award to Hooker, Burnett appealed to the Circuit Court of Pontotoc County via the filing of a bill of exceptions pursuant to section § 11-51-75 of the Mississippi Code (Rev.2002). On October 8, 2004, the circuit court affirmed the board of supervisors' decision. From this adverse decision, Burnett timely appealed to this Court. Finding no error below, we affirm.
I. WHETHER THE CIRCUIT COURT ERRED IN AFFIRMING THE PONTOTOC COUNTY BOARD OF SUPERVISORS' AWARD TO HOOKER CONSTRUCTION.

STANDARD OF REVIEW
¶ 5. When examining the actions of a county board of supervisors, this *243 Court's scope of review is limited. We are not at liberty to set aside the decision of a board of supervisors unless that decision is "clearly shown to be arbitrary, capricious, or discriminatory or is illegal or without substantial evidentiary basis." Stockstill v. Hales, 730 So.2d 539, 544-45(¶ 27) (Miss. 1998); see also Canton Farm Equipment, Inc. v. Richardson, 501 So.2d 1098, 1104 n. 5 (Miss.1987) ("[J]udicial intervention is wholly inappropriate merely because the court, if it were considering the matter ab initio, would have accepted a different bid"). In other words, such a decision is not to be overturned if its validity is "fairly debatable." Id.

ANALYSIS
¶ 6. Section 31-7-13(d)(i) of the Mississippi Code (Rev.2000) provides that a governing authority may award construction services to the "lowest and best bidder" (emphasis added). It is implicit in this language that a governing body cannot be compelled to accept a bid simply because it is the lowest, and that other factors must enter the analysis. Beyond the simple text of the statute, however, it is well-settled in this State that where the law allows a governing authority to determine the lowest and best bidder, it is permissible for factors other than price to be considered.[1]Hemphill Const. Co. v. City of Laurel, 760 So.2d 720, 723(¶ 13) (Miss.2000); Parker Bros. v. Crawford, 219 Miss. 199, 209, 68 So.2d 281, 285 (Miss. 1953). The Mississippi Supreme Court has recognized that public authorities may, in making a determination of whether a bid is the lowest and best, take into consideration factors such as the bidder's honesty and integrity, the bidder's skill and business judgment, the bidder's experience and facilities for carrying out the contract, the bidder's conduct under previous contracts, and the quality of work previously done by the bidder. Parker Bros., 219 Miss. at 209, 68 So.2d at 285.
¶ 7. In the present case, Burnett alleges that the Pontotoc County Board of Supervisors' decision to accept the bid of Hooker Construction over the lower bid of Burnett, Inc., was arbitrary and capricious, and that therefore the circuit court erred in affirming that decision. Although it admits that the board of supervisors had some discretion in making a determination as to who was the lowest and best bidder, Burnett paradoxically asserts that because its bid was $22,000 below the next-lowest bid, its bid was by definition the lowest and best. We do not find this to be the case. As the circuit court noted, the board of supervisors made a reasoned decision to award the construction contract to Hooker rather than Burnett. The record shows that the board contacted Burnett's references, that some references were "very negative," and that overall, the responses indicated that Burnett's work was mediocre. On the other hand, the board found that Hooker had been awarded construction contracts in Pontotoc County, and that Hooker's work and reputation were known to be excellent. The circuit court recognized that the board was entitled to take these factors into consideration in making its decision as to which company had submitted the lowest and best bid. See id. Especially in light of the fact that there was a mere 2.35% difference between the bids, we cannot find that the board of supervisors acted arbitrarily and capriciously in awarding the contract to Hooker. Thus, we cannot find that the circuit *244 court erred in affirming the board's decision.
¶ 8. The primary thrust of Burnett's argument, however, is that the board of supervisors awarded the contract to Hooker for the sole reason that Hooker was a resident contractor. In support of its argument, Burnett points to the following findings which appeared in the board's order:
10) That the Board has reviewed Sections 3[1]-3-21 and 31-7-47, Mississippi Code of 1972, Annotated and Amended, as well as other statutory authority including Alabama's Public Works bid law;
11) That Section 31-7-47 states "In the letting of public contracts, preference shall be given to resident contractors. . . . ";
12) That this construction project for renovating the Pontotoc County Courthouse is a public works project contemplated under the provisions of Section 31-7-47 and accordingly this Board should give preference to Hooker over Burnett because Hooker is a resident and Burnett is a non-resident.

(Emphasis added). Burnett claims that the board of supervisors misconstrued the quoted code sections as granting resident contractors a preference over nonresident contractors. Burnett also asserts that the circuit court erred in relying upon opinions from the Mississippi Attorney General's Office that interpreted the preference statutes.
¶ 9. Section 31-7-47 of the Mississippi Code Annotated reads:
In the letting of public contracts, preference shall be given to resident contractors, and a nonresident bidder domiciled in a state, city, county, parish, province, nation or political subdivision having laws granting preference to local contractors shall be awarded Mississippi public contracts only on the same basis as the nonresident bidder's state, city, county, parish, province, nation or political subdivision awards contracts to Mississippi contractors bidding under similar circumstances. Resident contractors actually domiciled in Mississippi, be they corporate, individuals or partnerships, are to be granted preference over nonresidents in awarding of contracts in the same manner and to the same extent as provided by the laws of the state, city, county, parish, province, nation or political subdivision of domicile of the nonresident.
¶ 10. Similarly, section 31-3-21(3) (Rev.2000) reads, in pertinent part:
In the letting of public contracts preference shall be given to resident contractors, and a nonresident bidder domiciled in a state having laws granting preference to local contractors shall be awarded Mississippi public contracts only on the same basis as the nonresident bidder's state awards contracts to Mississippi contractors bidding under similar circumstances; and resident contractors actually domiciled in Mississippi, be they corporate, individuals, or partnerships, are to be granted preference over nonresidents in awarding of contracts in the same manner and to the same extent as provided by the laws of the state of domicile of the nonresident.
¶ 11. There has been surprisingly little discussion of these statutes at the appellate level in this State. The Mississippi Supreme Court recognized in Refrigeration Sales Co. v. State ex rel. Segrest, 645 So.2d 1351, 1354 (Miss.1994), that, "It is not disputed that the legislative purpose of Section 31-7-47 is to give preference to contractors who are residents of the State *245 of Mississippi." However, the extent of the preference is not clear from the text of the statute, and has not been clarified via case law. In response, the Mississippi Attorney General's office has issued a number of opinions interpreting the preference statutes. The most recent such opinion on this topic instructed that
In a competitive bid scenario, if the preference laws of the state of the nonresident contractor are the same as Mississippi's and if the bids are in all other respects equal or substantially equal, then Mississippi law would grant preference to the Mississippi bidder. If the bids are not equal or substantially equal, the preference provisions in favor of Mississippi bidders are no longer applicable and the bid may be awarded to the nonresident bidder if it is determined to be the lowest and best bid. Preferences apply only when the public body is considering bids that are equal or substantially equal under the statutory standards which the public body must use to make its determination as to the best bid.
Ms. Ag. Op. Winfield (Jan. 29, 2004). In the present case, it is undisputed that the Alabama preference laws are the same as those in this State. Thus, the key question in the Attorney General's analysis is whether the bids in question were "substantially equal." If so, the resident bidder would be given a preference; if not, the preference is no longer applicable and the governmental body would be free to award the contract to the nonresident contractor if it found its bid to be the lowest and best. Employing this analysis, the Pontotoc County Board of Supervisors awarded the contract to Hooker on the basis that since the two bids were "substantially equal," the Mississippi preference statutes dictated that Hooker be awarded the contract.
¶ 12. In its opinion affirming the award to Hooker, the circuit court adopted the Attorney General's approach to this issue. The circuit court stated that, "Clearly, for the Board to grant a preference to Hooker, a Mississippi contractor, the Board would have to determine that the bids of Burnett and Hooker were `equal or substantially equal.'" The court went on to find that it was "fairly debatable" as to whether the two bids were substantially equal, and deferred to the board's determination that the bids were in fact substantially equal. The implication of the circuit court's findings is that Hooker was rightly favored under the Mississippi preference statutes.
¶ 13. Burnett claims that the circuit court erred in adopting the Attorney General's analysis of the preference statutes, and rightly asserts that Attorney General opinions are not binding upon our courts. See Shelter Mut. Ins. Co. v. Dale, 914 So.2d 698, 703(¶ 20) (Miss.2005). However, we note that the circuit court's ruling was not based solely upon its determination that Hooker was entitled to a preference pursuant to sections 31-7-47 and 31-3-21. As discussed earlier, the circuit court found an independent basis for the award to Hooker, namely, that the board rightly considered the relative experience and reputation of the two firms, and made the award to Hooker after taking these factors into consideration. We find that the Pontotoc County Board of Supervisors did not act arbitrarily and capriciously in awarding the construction contract to Hooker, as the board was free to consider the experience, skill, and reputation of the competing firms in determining which bid was the "lowest and best." *246 Therefore, whether the circuit court erred in its analysis of the preferences statutes is a question for another day.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] However, if a board accepts a bid that is not dollar-wise the lowest, section 31-7-13(d) requires the board to place in its minutes "detailed calculations" and a "narrative summary" showing that the accepted bid was determined to be the lowest and best bid.