BARNES, J.,
 

 for the Court:
 

 ¶ 1. Preferred Transport Company, LLC (PTC) is appealing an order from the Claiborne County Circuit Court addressing PTC’s complaint against the Claiborne County Board of Supervisors (the Board). In its original complaint, PTC claimed that the Board’s award of a bid for solid waste disposal to another company was in violation of statutory authority as the bid award was based on factors not contained in the Request for Proposals (RFP). In its order, the circuit court agreed with PTC, ruling that the Board violated statutory authority in its consideration of factors outside the bid documents and ordering the bid process to be reopened. PTC argues on appeal that the circuit court should have awarded the contract to PTC based on its lowest bid price or, in the alternative, awarded it compensatory damages and attorney’s fees. The Board cross-appealed the circuit court’s holding that it violated statutory authority. Finding no error, we affirm on direct and cross-appeal.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In January 2008, the Board requested competitive proposals for the collection and disposal of solid waste pursuant to Mississippi Code Annotated section 31-7-13(r) (Supp.2007). Both PTC, the company currently performing the service, and HomeBase Litter Control, LLC (Home-Base), a local start-up company, submitted sealed proposals to the Board.
 
 [1]
 
 On February 21, 2008, the Board unsealed and reviewed the proposals. PTC submitted a proposal of $9.77 per household for an annual cost of $386,071.32. HomeBase
 
 *551
 
 submitted a proposal of $13 per household for an annual cost of $513,078.
 

 ¶ 3. At a meeting on March 3, 2008, the Board entertained the motion to award the contract for solid waste disposal. The president of the Board requested an opinion from its attorney as to the rules governing the Board’s actions in accepting a competitive proposal. The attorney informed the Board that the relevant statutory authority, Mississippi Code Annotated section 31-7-13, states that the Board could consider “price, technology, and other factors.” The attorney further said that “other relevant factors” would be “local employment, local access, and providing economic development opportunities to qualified local residents.” The Board then invited comments from the representatives of HomeBase and PTC. HomeBase, which is owned by a county resident, submitted that it intended to hire local employees and planned to give special services to the elderly. HomeBase also outlined its plan for obtaining financing and equipment. PTC stated that it had provided quality services for the county for the past six years and that it had the lowest proposal. After some discussion, the Board awarded the contract to HomeBase, citing the economic-development benefits of using a local contractor. The Board then entered into further negotiations with HomeBase, which subsequently agreed to lower its household price to $11, making the annual cost $434,676, which was still $48,604.68 more than PTC’s annual cost.
 

 ¶ 4. On March 13, 2008, PTC filed a Notice of Appeal and Bill of Exceptions with the Claiborne County Circuit Court. PTC claimed that the factors cited in the meeting were not outlined in the RFP; therefore, the Board’s reliance on such factors was a violation of section 31-7-13. In its order filed on August 6, 2008, the circuit court agreed with PTC’s claim that the Board had exceeded statutory authority in considering factors not in the RFP. However, rather than awarding the contract to PTC as requested, the circuit court ordered the Board to reopen the request for proposal process to include such factors in the RFP.
 
 [2]
 
 The circuit court did not address the issue of compensatory damages sought by PTC. A notice of appeal was filed by PTC on September 2, 2008, on the issues of the award of the contract and damages. The Board filed a notice of cross-appeal on September 16, 2008, claiming that the circuit court’s holding, that it violated statutory authority, was in error.
 

 STANDARD OF REVIEW
 

 ¶ 5. Our review of a decision by a county board of supervisors is limited.
 
 Billy E. Burnett, Inc. v. Pontotoc County Bd. of Supervisors,
 
 940 So.2d 241, 242-43 (¶ 5) (Miss.Ct.App.2006). We will not set aside the decision unless it is “clearly shown to be arbitrary, capricious, or discriminatory or is illegal or without substantial evidentiary basis.”
 
 Id.
 
 at 243 (citations omitted). “As to questions of law, however, the Board’s decision will be reviewed de novo.”
 
 A & F Properties, LLC v. Madison County Bd. of Supervisors,
 
 933 So.2d 296, 300 (¶ 6) (Miss.2006). We also employ a de novo review in “issues of statutory interpretation.”
 
 Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen,
 
 968 So.2d 938, 942 (¶ 10) (Miss.2007) (citing
 
 Weiner v. Meredith,
 
 943 So.2d 692, 694 (¶ 5) (Miss.2006)).
 

 I. Whether the circuit court correctly held that the Board exceeded its
 
 *552
 
 discretion by considering factors not included in the bid documents.
 

 ¶ 6. PTC submits that the circuit court correctly held that the Board exceeded its authority in considering other factors not contained in the request for proposal documents. However, in its cross-appeal, the Board contends that it should have been allowed to consider the “other relevant factors” submitted by HomeBase, and that its decision was not “arbitrary, capricious, discriminatory, illegal or without substantial evidentiary basis.” The Board further submits that the statute does not place limits on the information that a bidder may submit in support of its bid and that it selected the “lowest and best bid,” pursuant to Mississippi Code Annotated section 31 — 7—13(d) (Supp.2009), based upon the bid submissions.
 

 ¶ 7. We agree with the Board “that where the law allows a governing authority to determine the lowest and best bidder, it is permissible for factors other than price to be considered.”
 
 Billy E. Burnett, Inc.,
 
 940 So.2d at 243 (¶ 6) (citations omitted). These factors may include “the bidder’s honesty and integrity, the bidder’s skill and business judgment, the bidder’s experience and facilities for carrying out the contract, the bidder’s conduct under previous contracts, and the quality of work previously done by the bidder.”
 
 Id.
 
 However, the Mississippi Supreme Court has also noted that, although “governing authorities have a measure of discretion in awarding public contracts[,]” this discretion only exists “where it is supported by statute.”
 
 Hemphill Const. Co., Inc. v. City of Laurel,
 
 760 So.2d 720, 723 (IT 13) (Miss.2000).
 

 ¶ 8. Mississippi Code Annotated section 31-7-13 addresses the rules regarding bidding requirements for public purchases. However, under section 31-7-13(m)(xxii) (Supp.2007 and Supp.2009), garbage, solid waste and sewage contracts are excepted from the bidding requirements of section 31-7-13. Rather, these types of contracts are addressed in subsection (r), entitled “Solid waste contract proposal procedure.” This subsection states, in pertinent part, that:
 

 Any request for proposals when issued
 
 shall
 
 contain terms and conditions relating to price, financial responsibility, technology, legal responsibilities and
 
 other relevant factors
 
 as are determined by the governing authority or agency to be appropriate for inclusion;
 
 all factors determined relevant by the governing authority or agency or required by this paragraph (r) shall be duly included in the advertisement to elicit proposals.
 
 After responses to the request for proposals have been duly received, the governing authority or agency shall select the
 
 most qualified proposal or proposals on the basis of price, technology and other relevant factors and from such proposals,
 
 but not limited to the terms thereof, negotiate and enter contracts with one or more of the persons or firms submitting proposals.
 

 (Supp.2007 and Supp.2009) (Emphasis added). When interpreting the construction of a statute, the term “shall” renders the action mandatory.
 
 Franklin v. Franklin ex rel. Phillips,
 
 858 So.2d 110, 115 (¶ 15) (Miss.2003). Although both parties reference section 31 — 7—13(d)(i) to support their differing views on what constitutes the “lowest and best bid,” we must reiterate that this portion of the statute is not applicable to the type of contract before us.
 
 [3]
 
 
 *553
 
 Subsection (r) is the sole authority of the proposal process for solid waste disposal; therefore, the Board was not under the obligation to select the “lowest and best bid,” but “the most qualified proposal or proposals.”
 

 ¶ 9. In the present case, there was no issue with the quality of PTC’s prior services to the County or the fact that it submitted the lowest proposal. However, the Board based its award on factors which HomeBase unilaterally included in its proposal (i.e., the company is owned by a local resident, would offer special services for elderly customers, and provide employment for local residents). PTC was unaware until the hearing before the Board that these factors, which were not included in the RFP, were even to be considered. Local economic development and services for the elderly are certainly factors worthy of the Board’s consideration, and HomeBase’s proposal may have been the “most qualified” based upon these factors. However, the Board’s consideration of these “other relevant factors” in awarding the contract, when it had failed to include them in the RFP, was a violation of section 31-7-18(r) which requires that “all factors determined relevant by the governing authority ... shall be duly included in the advertisement to elicit proposals.” Although the RFP did state that the Board could “reject any or all proposals,” it also stated that the Board reserved the right “to make an award,
 
 consistent with law,
 
 deemed in the best interest of the County.” (Emphasis added). Once the Board determined that it was going to consider these “other relevant factors,” the Board should have re-instituted the request for proposal process; failing to do so was not “consistent with law.” Merely raising these factors at the hearing on the proposals did not cure this error. PTC, relying on its six years of service to the County and its lower proposal cost, was not aware that these factors would be considered relevant until immediately prior to the award of the contract at the hearing.
 

 ¶ 10. We feel it necessary to address a recent case by this Court,
 
 Wastewater Plant Service Co., Inc. v. Harrison County Utility Authority,
 
 28 So.3d 686 (Miss.Ct. App.2010), which was decided subsequent to the briefing by the parties. In
 
 Waste-water,
 
 this Court held that it was proper for the board of directors for the county’s utility authority to consider other factors such as efficiency, qualifications, and quality in making its award. However, our holding in that case may be distinguished from the present one as it involved an RFP which clearly stated that it would take into account, not only price, but “other evaluation factors.” Here, the RFP stated, in pertinent part, that: “Proposals for refuse collection service and for disposal service are solicited on the
 
 basis of rates
 
 for each type of work. Proposals will be compared on the
 
 basis of the summation of the rates proposed.”
 
 (Emphasis added). There was no mention of other factors to be considered. Thus, we find
 
 Wastewater Plant Service Co., Inc.
 
 is not controlling precedent in this case.
 

 ¶ 11. Accordingly, we find that the circuit court did not err in holding that the Board’s consideration of such factors was in violation of statutory authority and affirm on this issue.
 

 II. Whether the Board’s finding, that PTC was not the lowest and best
 
 *554
 
 bid, was arbitrary, capricious, discriminatory, illegal, or was not supported by substantial evidence by considering factors of local employment, local access, and providing economic-development opportunities to qualified local residents as relevant factors.
 

 ¶ 12. The Board, in its cross-appeal, further claims that its actions were not arbitrary or capricious and were supported by substantial evidence. We will not disturb the findings of a board of supervisors on appeal unless the findings are arbitrary or capricious, not supported by substantial evidence, or violate a statutory “right of the complaining party.”
 
 Miss. Waste of Hancock County, Inc. v. Bd. of Supervisors of Hancock County,
 
 818 So.2d 326, 330 (¶ 6) (Miss.2001) (citation omitted). The Board’s failure to include these “other relevant factors” in its RFP, but then to consider them in awarding the contract to HomeBase, was a violation of PTC’s right under Mississippi Code Annotated section 31-7-13(r) to have all factors determined relevant by the Board included in the advertisement for proposals. Accordingly, we must reject the Board’s argument on this issue.
 

 III. Whether the circuit court erred by deviating from the statutory relief of awarding the solid waste collection contract to PTC, or in the alternative, awarding compensatory damages to PTC.
 

 ¶ 13. PTC argues that the circuit court had the statutory authority to award the contract to PTC pursuant to Mississippi Code Annotated section 11-51-75 (Rev. 2002) or, alternatively, to award it compensatory damages and attorney’s fees. Section 11-51-75 states that “[i]f the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities.”
 

 ¶ 14. Section 31-7-13(r) states, in pertinent part, that: “If the governing authority or agency deems none of the proposals to be qualified or otherwise acceptable, the request for proposals process may be rein-itiated.” Therefore, as the Board had statutory authority to reopen the proposal process, we find no error in the circuit court’s use of this procedure as an available remedy-
 

 ¶ 15. Further, to support its contention for an award of compensatory damages, PTC cites to
 
 City of Durant v. Laws Construction Co.,
 
 721 So.2d 598, 606 (¶ 34) (Miss.1998), where the Mississippi Supreme Court affirmed an award of damages to Laws Construction as the City of Durant, Mississippi failed to follow the bidding requirements under the applicable statute. However,
 
 Laws
 
 is distinguishable from the present case in that the construction contract, which was awarded in violation of Mississippi Code Annotated section 31-3-21 (Rev.1990), had been substantially completed by another vendor. Thus, it was impossible to award the contract to Laws Construction at that point and only an award of damages would be an equitable remedy.
 
 Id.
 
 at 605 (¶ 28). Conversely, in the present case, we have an ongoing services contract which can be renewed upon the award of a new contract at the closing of the request for proposal process.
 
 [4]
 
 Therefore, we do not find that an award of compensatory damages was warranted.
 

 ¶ 16. The Board also contends that it was immune from an imposition of dam
 
 *555
 
 ages based upon “legislative immunity” and under the Mississippi Tort Claims Act.
 
 [5]
 
 However, we decline to address this issue as it is moot based upon our holding.
 

 ¶ 17. We find no error in the circuit court’s order to re-institute the RFP process and affirm on this issue.'
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS AFFIRMED ON DIRECT APPEAL AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT/CROSS-APPELLEE AND ONE-HALF TO THE APPELLEE/CROSS-APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Two other companies submitted bids, Southern Waste Management and Southern Landfill Management. However, their bids were not given extensive consideration by the Board and are irrelevant to the issues before this Court.
 

 [2]
 

 . The circuit court also allowed HomeBase to continue to provide services until such time as the re-bidding process could be opened.
 

 [3]
 

 . Section 31 —7— 13(d)(i) states that:
 

 If any governing authority accepts a bid other than the lowest bid actually submitted, it shall place on its minutes detailed calculations and narrative summary showing that the accepted bid was determined to
 
 *553
 
 be the
 
 lowest and best bid,
 
 including the dollar amount of the accepted bid and the dollar amount of the lowest bid. No agency or governing authority shall accept a bid based on items not included in the specifications.
 

 (Supp.2007 and Supp.2009) (emphasis added).
 

 [4]
 

 . HomeBase is currently providing services for the County in the interim based upon tire court's order so that the County may provide services to its residents without interruption.
 

 [5]
 

 . Miss.Code Ann. § 11-46-1 to -23 (Rev. 2002).