## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00950-COA

**CARL BAILEY, AS A CONSTABLE OF WESTERN DISTRICT OF JEFFERSON COUNTY**                                              **APPELLANT**

**v.**

**JEFFERSON COUNTY BOARD OF SUPERVISORS, JAMES WELLS, CAMMIE HUTHERSON, JERRY WILSON AND SD JOHNSON, JR.**                                              **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/08/2022 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARL BAILEY (PRO SE) |
| ATTORNEY FOR APPELLEES: | NICKITA SHANTA BANKS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED, RENDERED, AND REMANDED - 09/19/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.    In 2021, this Court remanded this case to the Jefferson County Circuit Court for a determination of whether the Jefferson County Board of Supervisors (Board) had improperly removed Carl Bailey from his position as constable. *Bailey v. Jefferson Cnty. Bd. of Sup'rs*, 322 So. 3d 479, 483 (¶15) (Miss. Ct. App. 2021). The circuit court concluded that there was not substantial evidence in the record "to support the [B]oard's ultimate decision." The court further determined, however, that Bailey's "claim for relief or damages is no longer viable."

¶2.    Bailey appeals the circuit court's ruling on damages. Based on the Mississippi

Supreme Court's decision in *City of Durant v. Laws Construction Co.*, 721 So. 2d 598 (Miss. 1998), we find that damages would be an appropriate remedy in this instance. We reverse the court's judgment, render judgment in favor of Bailey, and remand for a hearing and ruling on damages.

## FACTS AND PROCEDURAL HISTORY

¶3.     After it was alleged that Bailey, the constable for the western district of Jefferson County, had moved out of his district, the county administrator sent Bailey a letter dated November 23, 2016, informing him "that his move had violated election laws and requested his appearance at the next scheduled board meeting on December 5, 2016." *Bailey*, 322 So. 3d at 480 (¶2). "In September 2017, the Board filed a complaint for writ of quo warranto in the circuit court, . . . assert[ing] that Bailey continued to act as constable, preventing the Board from filling the position or calling a special election." *Id*. at (¶3). On March 8, 2018, the circuit court dismissed the complaint without prejudice because the Board's complaint for a public writ "had not been brought by a proper party for the State—the district attorney or Attorney General." *Id*. at 481 (¶4).

¶4.     On May 7, 2018, the Board voted during an executive session to remove Bailey as constable. *Id*. at (¶5). Bailey appealed by filing a bill of exceptions with the circuit court on May 21, 2018, claiming that his removal "was unlawful and violated his constitutional right to due process."[1] *Id*. at (¶6). Seeking "general relief," Bailey asked that the court vacate the

---

[1] *See* Miss. Code Ann. § 11-51-75 (Rev. 2012) (providing that "[a]ny person aggrieved by a judgment or decision of the board of supervisors [of a county] . . . may appeal . . . [the] judgment or decision . . . [by] a bill of exceptions to the circuit court . . . .").

Board's decision. *Id*. The Board meanwhile set a date for a special election. *Id*. "On August 6, 2018, Bailey filed a combined petition for a temporary restraining order and a motion for a preliminary injunction in the circuit court," reasserting his claim "that he was unlawfully removed from office." *Id*. Bailey requested that the court "enjoin the Board from continuing with its decision to vacate the constable position, from interfering with his capacity as a duly elected official, and from continuing with the special election." *Id*. He also sought "payment for damages and costs sustained in light of the interference with his duty to serve papers; court costs; attorney's fees; and any compensatory damages consistent with this court." *Id*. On August 2, 2019, the circuit court found that Bailey's bill of exceptions was untimely filed under Mississippi Code Annotated section 11-51-75 (Rev. 2012) and dismissed the action.[2] *Id*. at (¶7).

¶5.     On appeal, this Court concluded that although Bailey's bill of exceptions was untimely filed, the circuit court's dismissal on the basis of jurisdiction was erroneous because the Board had failed to provide Bailey with "sufficient notice" of the proceeding. *Id*. at 482 (¶¶13-14). We remanded to the circuit court for a determination of "whether Bailey ha[d] preserved any claim for relief or damages, including whether he was eligible to serve in his prior elected office because of his residency." *Id*. at 483 (¶15).

¶6.     In its "Order Upon Remand," the circuit court found that the record did not contain substantial evidence to support the Board's decision to remove Bailey from his position as

---

[2] Section 11-51-75 required a person to "appeal within ten (10) days from the date of adjournment at which session the board . . . rendered such judgment or decision . . . ."

constable. Yet the court declined to award damages, stating "that any further claim for relief or damages is no longer viable." On June 24, 2022, Bailey filed an omnibus motion to amend the findings or for relief from the judgment, arguing that he should be awarded compensatory damages. The court denied Bailey's motion, stating that "[t]o address the issue of damages on the full record before the court as it is would be speculative and without sufficient evidentiary basis to do so." Bailey appeals from the court's judgment, claiming that he is entitled to damages.

## DISCUSSION

¶7. The sole issue on appeal is whether the circuit court erred in finding that Bailey was not entitled to damages as a result of the Board's removal of him from office without proper notice. The Board has not filed an appellee's brief. The Mississippi Supreme Court has adopted two approaches in reviewing cases where the appellee has failed to file a brief. "First, the Court may 'accept appellant's brief as confessed and reverse.'" *Stratton v. McKey*, 298 So. 3d 999, 1003 (¶11) (Miss. 2020) (quoting *May v. May*, 297 So. 2d 912, 913 (Miss. 1974)). This course of action is appropriate "when the record is voluminous or complicated and the appellant's thorough treatment of the issues in the brief makes out an apparent case of error." *Id*. (internal quotation marks omitted). "The second alternative is to disregard the appellees' error and affirm." *Id*. (quoting *Miller v. Pannell*, 815 So. 2d 1117, 1119 (¶7) (Miss. 2002)). "This alternative should be used when the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed." *Id*. (quoting *Miller*, 815 So. 2d

4

at 1119 (¶7)).

¶8. Although the record in this case is neither complicated nor voluminous, we nevertheless take the Board's failure to file an appellee's brief under the circumstances as a confession of error with regard to its decision to remove Bailey from office. Moreover, we find that Bailey has established apparent error as to the circuit court's failure to consider damages in this instance. *See, e.g.*, *McGrew v. McGrew*, 184 So. 3d 302, 306 (¶11) (Miss. Ct. App. 2015) (finding that although the record was "not complicated or voluminous," the appellant presented an apparent case of error; so "the error was confessed, since no appellee's brief was filed").

¶9. In *City of Durant*, the supreme court examined whether a circuit court, "sitting as an appellate court pursuant to [section] 11-51-75, without a jury, may award and determine compensatory damages and attorney's fees." *City of Durant*, 721 So. 2d at 605 (¶29). In that case, "since the project was precluded from being awarded to [the contractor] due to its substantial completion, the circuit court determined that [the contractor] was entitled to recover damages." *Id*. at (¶28). The supreme court affirmed the circuit court's finding that the contract had been illegally awarded and that the contractor was entitled to damages as measured by the law of contracts. *Id*. at 606 (¶34).

¶10. In sum, because the trial court determined that the City of Durant had acted illegally, the project was substantially completed, and the City of Durant conceded that it would have awarded the contract to Laws Construction as the next lowest bidder, the only relief available was compensatory damages. *Id*.; *see also W.G. Yates & Sons Const. Co. v. City of Waveland*,

5

168 So. 3d 963, 975 (¶¶64-65) (Miss. Ct. App. 2012) (holding that the circuit court erred in dismissing contractor's bill of exceptions and that the contractor was "entitled to a hearing on [compensatory] damages consistent with *City of Durant*"); *cf. Preferred Transport Co. v. Claiborne Cnty. Bd. of Sup'rs*, 32 So. 3d 549, 554 (¶15) (Miss. Ct. App. 2010) (noting that in *City of Durant*, "it was impossible to award the contract to Laws Construction at that point and *only an award of damages would be an equitable remedy*") (emphasis added)).[3]

¶11. While the basis for relief in *City of Durant* was based on the law of contracts, we find the equitable principle behind its holding is nonetheless applicable to the circumstances of this case. "For a legal wrong, there must be a remedy." *City of Durant*, 721 So. 2d at 605 (¶31). The circuit court found that the Board's decision to remove Bailey from office was not supported by substantial evidence. The court further recognized that Bailey's "claims for injunctive relief were moot due to the expiration of the term of office in question." Therefore, like the contractor in *City of Durant*, Bailey's only remedy in this instance would be compensatory damages.

¶12. In this instance, we see no reason why Bailey would not be entitled, at least, to the amount of compensation he would have received as a constable had the Board not improperly removed him from office. Accordingly, we reverse the circuit court's judgment, render judgment in favor of Bailey, and remand to the circuit court for a hearing and ruling on damages.

---

[3] Because the vendor contract in *Preferred Transport* involved ongoing services and could be renewed, this Court found that an award of compensatory damages was not warranted. *Preferred Transport*, 32 So. 3d at 554 (¶15).

¶13. **REVERSED, RENDERED, AND REMANDED.**

      **CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., NOT PARTICIPATING.**