# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-IA-00820-SCT

*GREENWOOD LEFLORE HOSPITAL AND NITA McCLAIN*

*v.*

*CLOVER J. BOYKIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2023 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| TRIAL COURT ATTORNEYS: | OTTOWA E. CARTER, JR. |
| | TOMMIE G. WILLIAMS, JR |
| | HARRIS F. POWERS, III |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | HARRIS F. POWERS, III |
| | TOMMIE G. WILLIAMS |
| | TOMMIE G. WILLIAMS, JR. |
| ATTORNEY FOR APPELLEE: | OTTOWA E. CARTER, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 01/23/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     Clover Boykin filed suit against Greenwood Leflore Hospital (GLH) pursuant to 42 U.S.C. § 1983. Boykin alleged that GLH had intentionally withheld her medical records after repeated attempts to obtain them, which resulted in Boykin's being denied access to the courts (i.e., she was unable to file a medical malpractice suit). In response to Boykin's suit, GLH filed a motion to dismiss, arguing that Boykin's claims fail as a matter of law, GLH's employee is immune from suit, GLH was never served and the suit is time barred. The trial

judge denied GLH's motion, and GLH filed a petition for interlocutory appeal in this Court. This Court granted interlocutory appeal, and GLH filed its brief. Boykin did not file a brief. This Court accepts Boykin's failure to file a brief as a confession of error and finds that Boykin's claims fail as a matter of law. The trial judge's denial of the motion to dismiss is reversed, and judgment is rendered in favor of GLH.

## FACTS AND PROCEDURAL HISTORY

¶2. On July 18, 2018, Clover Boykin entered the GLH emergency room complaining of pain and weakness. Boykin was admitted and, during treatment, allegedly suffered "an infiltrated IV to her right forearm."[1] Boykin claims to have been told by a nurse that the IV was put into her arm by a different nurse who was not authorized to insert the IV. Boykin was eventually discharged and referred to a wound care clinic.

¶3. After receiving the allegedly negligent treatment, Boykin consulted different attorneys to determine if she had a medical malpractice claim against GLH. Boykin claims that at least three different attorneys stated that no legal opinion could be given until her medical records were reviewed. Boykin and at least one of the attorneys allegedly requested a copy of Boykin's records from GLH. Boykin contends that GLH withheld copies of her full medical records, only providing her with a few records at a time. On one occasion, Boykin went to the hospital to get her records and claims to have observed Nita McClain,[2] an employee at

[1] Boykin's "arm popped, leaving an open wound in her bleeding arm."

[2] GLH contends that a Benita McCline works in the record's office, but there is no Nita McClain. Boykin did not correct this alleged error, so this Court will continue to refer to this party as Nita McClain.

GLH, prevent another worker in the records office from providing Boykin with her records.

¶4.    On July 12, 2022, Boykin filed this action pursuant to 42 U.S.C. § 1983 in the Leflore County Circuit Court.  She alleged that, pursuant to 45 C.F.R. § 164.524(a)(1) of the Health Insurance Portability and Accountability Act (HIPAA), GLH knew that Boykin was entitled to her medical records and purposefully withheld them to prevent her from filing a lawsuit within the one year statute of limitations.  She contends that GLH's intentional failure to provide her with medical records after repeated requests has violated her constitutional right of access to the courts by preventing her from discovering "key facts" that would form the basis of her complaint.

¶5.    GLH responded to the complaint on December 1, 2022, with a motion to dismiss. GLH contended that Boykin's claims fail as a matter of law because HIPAA does not provide a private cause of action to bring a claim pursuant to §1983 and that GLH's actions or inactions did not deprive Boykin of her right of access to the courts.  Further, GLH argued that the suit is barred by the statute of limitations, that GLH was never served and that McClain is immune from suit.  GLH also argued a variety of defenses under the Mississippi Tort Claims Act.

¶6.    Boykin responded to GLH and admitted only seeking damages for claims permitted under federal law.  Boykin also stated that she "does not object to the dismissal of any claims based on state law and not allowed under 42 U.S.C. § 1983 for violations of her First Amendment right to access the courts."  Boykin contended that her claims should survive the motion to dismiss.  Her argument was that her complaint shows that she "had a statutory right

3

to her medical records" and that GLH's "failure to provide these records resulted in the deprivation of her right to access the courts." Boykin argues that regardless of the fact that HIPAA does not provide a private right of action, her claims are brought under § 1983 for a First Amendment violation of her right to access the courts.

¶7. On June 2, 2023, a hearing was held on the motion to dismiss. Subsequently, the judge entered an order denying GLH's motion to dismiss and granting Boykin additional time to serve GLH. GLH timely sought interlocutory appeal, which this Court granted.

## ISSUES PRESENTED

¶8. GLH argues on appeal that the trial court erred by denying its motion because HIPAA does not confer a private right of action, Boykin was not denied access to the courts, Boykin failed to show good cause for her failure to serve GLH and Nita McClain is immune from suit. This Court finds that Boykin's claims fail as a matter of law. Accordingly, this Court will only address Boykin's § 1983 claim based on an alleged HIPAA violation. This Court will not address service on GLH or McClain's immunity.

## STANDARD OF REVIEW

¶9. "The standard of review for a trial court's grant or denial of a motion to dismiss is de novo." ***Trigg v. Farese***, 266 So. 3d 611, 617 (Miss. 2018) (internal quotation marks omitted) (quoting ***Long v. Vitkauskas***, 228 So. 3d 302, 304 (Miss. 2017)). "Review is limited to the face of the pleading, and allegations must be accepted as true. The motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim." ***City of Meridian v. $104,960.00 U.S. Currency***,

4

231 So. 3d 972, 974 (Miss. 2017) (citations omitted).

## DISCUSSION

### I.      Failure to File a Brief

¶10.    Boykin, the appellee, did not file a brief.  This Court may "take the appellees' failure to file a brief as a confession of error and reverse." *Miller v. Pannell*, 815 So. 2d 1117, 1119 (Miss. 2002).  "This should be done when the record is complicated or of large volume and 'the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error.'" *Id.* (quoting *May v. May*, 297 So. 2d 912, 913 (Miss. 1974)).  In the present case, the record is not complicated or voluminous, but the appellants' brief "makes out an apparent case of error."  *Id.* (internal quotation mark omitted) (quoting *May*, 297 So. 2d at 913).

¶11.    Alternatively, this Court may "disregard the appellees' error and affirm" if "the record can be conveniently examined and such examination reveals a 'sound and unmistakable basis or ground upon which the judgment may be safely affirmed.'" *Id.* (quoting *May*, 297 So. 2d at 913).  There is no "sound and unmistakable basis or ground upon which the judgment may be safely affirmed." *Id.* (internal quotation mark omitted) (quoting *May*, 297 So. 2d at 913) Accordingly, neither of the options in *Miller* perfectly applies to this situation, leaving the determination to our discretion.

¶12.    This Court takes Boykin's failure to file a brief as a confession of error, and we reverse.  *May*, 297 So. 2d at 913.  The appellants' brief has correctly analyzed the issues to reveal that the judge erred as a matter of law.  Boykin's failure to defend this appeal by

5

failing to submit a brief is an admission of this error, and this Court finds no basis in law to support Boykin's claim. We are within the authority of our caselaw to accept that GLH's arguments are true. Nevertheless, we will briefly address the merits.

## II. Merits of the § 1983 Claim

¶13. "Section 1983 provides redress for a violation of a constitutional right or right created by federal law."[3] *Clay v. Tunica Cnty.*, 385 So. 3d 1194, 1201 (Miss. 2024) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)). "[A] claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff[.]" *Gonzaga Univ.*, 536 U.S. at 285 (first alteration in original) (internal quotation marks omitted) (quoting *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 107-108 n.4, 110 S. Ct. 444, 107 L. Ed. 2d 420 (1989)). It is widely accepted that HIPAA does not provide a private right of action. *Doe v. Rankin Med. Ctr.*, 195 So. 3d 705, 713 (Miss. 2016) (citing *Acara v. Banks*, 470 F.3d 569, 570-71 (5th Cir. 2006)); *Agee v. United States*, 72 Fed. Cl. 284, 289 (Fed. Cl. Ct. 2006); *Bigelow v. Sherlock*, No. Civ. A. 04-2785, 2005 WL 283359, at *2 (E.D. La. Feb. 4, 2005); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001);

---

[3]Section 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Univ. of Colo. Hosp. v. Denver Publ'g Co*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004); *Brownlee v. Cnty. of L.A.*, No. LA CV21-01118 JAK (JPRX), 2023 WL 11950369, at *6 (C.D. Cal. June 20, 2023) ("[T]he right to access health records under 45 C.F.R. § 164.524 is not enforceable through Section 1983."). When a statute provides "no indication that Congress intends to create new individual rights, there is no basis for a private suit" under § 1983. *Gonzaga Univ.*, 536 U.S. at 274.

¶14. Boykin specifically relies on 45 C.F.R. § 164.524(a)(1), which states, in part, "an individual has a right of access to inspect and obtain a copy of protected health information about the individual in a designated record set[.]" In ruling on GLH's motion to dismiss, the judge found that "the case before the Court is not a cause of action for a HIPAA violation; it is a § 1983 cause of action based on the violation of a federal statute. The federal statute coincidentally happens to be the HIPAA statute in this instance." Boykin stated that she does not claim HIPAA violations provide a private right of action. Although the judge recognized Boykin's admission, she nevertheless found that "the HIPAA statute *does* provide an individual plaintiff with rights that are enforceable pursuant to § 1983."

¶15. In the context of confidential disclosures, this Court has relied on caselaw from the United States Court of Appeals for the Fifth Circuit to find that "HIPAA does not create a private cause of action[.]" *Doe*, 195 So. 3d at 713 (citing *Acara*, 470 F.3d at 570-71). While this Court's finding in *Doe* involved a different provision within HIPAA, we find that this holding nevertheless applies to Boykin's claims.

¶16. The reasoning behind a finding that HIPAA does not provide a private cause of action

is well stated by the Fifth Circuit in *Acara*, 470 F.3d at 570. First, "HIPAA does not contain any express language conferring privacy rights upon a class of specific individuals." *Id.* at 571. Second, "HIPAA specifically delegates enforcement[,]" which "is a strong indication that Congress intended to preclude private enforcement." *Id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 286, 290, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001) ("The express provision of one method of enforcing a substantive rule suggests Congress intended to preclude others.")); *see Doe*, 195 So. 3d at 713 ("Only Mississippi's Attorney General may bring claims on behalf of Mississippi residents for alleged HIPAA violations." (citing 42 U.S.C. § 1320d-5(d)(1))).

¶17. The judge's finding was error. Boykin attempts to use § 1983 to pursue a cause of action that she would not otherwise be able to bring. While we recognize that her claims are all framed as First Amendment claims, we find that they squarely rest on her rights under HIPAA. We find that Boykin cannot use § 1983 to bring a claim to enforce a federal statute that does not give her an individual right. *See Gonzaga Univ.*, 536 U.S. at 274. Boykin's failure to file a brief to defend her position further evidences that Boykin has no authority to bring an action under § 1983 for an alleged HIPAA violation. Neither Boykin nor the judge provided any authority for finding that 45 C.F.R. § 164.524(a)(1), a specific section of HIPAA, would be enforceable under § 1983.

## CONCLUSION

¶18. Boykin's failure to file a brief is accepted as "a confession of error[.]" *May*, 297 So. 2d at 913. Furthermore, Boykin's claims lack merit. Boykin cannot use § 1983 to enforce

8

45 C.F.R. § 164.524, a provision of HIPAA, because HIPAA does not provide Boykin with private enforceable rights. Taking the facts as presented in the complaint as true, "it appears beyond a reasonable doubt that [Boykin] will be unable to prove any set of facts in support of the claim." *City of Meridian*, 231 So. 3d at 974 (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (Miss. 2008)). GLH's motion to dismiss should have been granted. The judgment is reversed, and judgment is rendered in favor of GLH.

¶19. **REVERSED AND RENDERED.**

**KING, P.J., MAXWELL, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR. COLEMAN, P.J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION. RANDOLPH, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

**COLEMAN, PRESIDING JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶20. I concur with Part I of the majority opinion, in which the majority holds that Boykin's failure to file a responsive brief amounts to a confession of reversible error. Because error is confessed, I see no need to further address the merits. *See Hughes v. Hosemann*, 68 So. 3d 1260, 1263 (¶ 6) (Miss. 2011) ("As a matter of judicial policy, this Court does not issue advisory opinions.") Accordingly, and with respect, I decline to join Part II of the majority opinion.